**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON STOLLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. 1:08-cv-04006 |
| | ) | Hon. Gary Feinerman |
| RYOBI TECHNOLOGIES , INC., ONE | ) | |
| WORLD TECHNOLOGIES, INC. and | ) | |
| HOME DEPOT, USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINAL PRETRIAL ORDER

This matter having come before the Court for a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and John F. Cushing and Michael Cushing of Cushing Law Office 29 S. LaSalle Street, Suite 240, Chicago, Illinois 60603 Tel: 312-726-2344; George F. Carpinello of Boies Schiller & Flexner 10 N. Pearl Street, 4th Floor, Albany, NY 12207, Tel: 518-434-0600; and Richard J. Sullivan of Sullivan & Sullivan LLP, 40 Washington Street, Suite 200, Wellesley, MA 02491 having appeared as counsel for plaintiff and, John W. Bell, Robert R. McNamara, Meghan M. Sciortino, and Alexandria L. Bell of Johnson & Bell, Ltd. 33 W. Monroe St. Suite 2700, Chicago, IL 60603, Tel: 312-372-0770 having appeared as counsel for defendants, the following actions were taken:

(1)     This is a product liability action for claims of strict liability, negligence, and implied warranty against the Defendants Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc. The Court has jurisdiction over the matter under 28 U.S.C. § 1332(a)(1) and 1332(c)(1). The parties stipulate that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Subject matter jurisdiction is not disputed.

(2)     Trial of this case is expected to take fifteen (15) days.  It will be listed on the trial calendar, to be tried when reached.

(3)     Following is a concise statement of the claim(s) of plaintiff and defendants' defenses:

This is a suit, brought by the plaintiff, Brandon Stollings, against the defendants, Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc. Mr. Stollings alleges that he was injured on May 9th, 2007, while using a portable benchtop table saw manufactured by Ryobi in August 2006. Mr. Stollings claims that he purchased the saw at a Home Depot either on May 4th or May 6th, 2007. Mr. Stollings further claims that the saw was in an unreasonably dangerous condition and was negligently designed because it was not equipped with flesh detection technology and an independent rise and fall splitter or riving knife. The plaintiff denies that he was at fault in the manner in which he used the saw or that his fault was the sole proximate cause of his injuries.

The defendants deny that the benchtop table saw used by Mr. Stollings was unreasonably dangerous or negligently designed and further deny that any condition of the product was a proximate cause of Mr. Stollings' injuries. The defendants further claim that Mr. Stollings was negligent and did not follow proper operating procedures and warnings, and that such fault was the sole proximate cause of plaintiff's alleged injuries and damages.

(4)     Following is a list of the names and addresses of all witnesses, including expert witnesses, who may or may not be called at trial in order of their anticipated testimony and designations of deposition testimony from unavailable witnesses which may be read during the trial.

**(A)    PLAINTIFF INTENDS TO CALL THE FOLLOWING WITNESSES LIVE:**

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| Brandon Stollings  (Plaintiff) | Will | No Objection | |
| Carla Pritchard | May | No Objection | |
| Scott Pritchard | May | No Objection | |
| Cecilia Devine | May | No Objection | |
| Dr. Dzwierzynski | May | No Objection | |
| Eric Strzesak | May | No Objection | |
| Pamela Oldenburg | May | No Objection | |
| Patricia A. Puidokas | May | No Objection | |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| Susan Moser | May | No Objection | |
| William Carey | May | No Objection | |
| David George Peot | May | See objections to designated testimony. | *See* response to MIL 1, 11, 12, 14, 21, 22 |
| Robert Bugos | May | See objections to designated testimony. | *See* response to MIL 1, 11, 12, 21, 22, 23 |
| George Whelchel | May | See objections to designated testimony. | *See* response to MIL 10, 14, 22 |
| William Buck | May | See objections to designated testimony. | *See* response to MIL 2, 10, 12, 14, 22 |
| Bryan Whiffen | May | See objections to designated testimony. | *See* response to MIL 11, 14, 21, 22 |
| Thomas Wayne Hill | May | See objections to designated testimony. | *See* response to MIL 1, 2, 9, 10, 11, 14, 21, 22, 23, 29 |
| Christopher Scott Tennant | May | See objections to designated testimony. | *See* response to MIL 10, 14, 22, 23 |
| Jeffrey Dils | May | See objections to designated testimony. | *See* response to MIL 14, 21 |
| Mark Hickok | May | See objections to designated testimony. | *See* response to MIL 14 |
| William Palmer | May | See objections to designated testimony. | *See* response to MIL 1, 14, 22 |
| Randy Light | May | See objections to designated testimony. | *See* response to MIL 1, 6, 11, 14, 21, 22, 23 |
| Heather Lawder | May | See objections to designated testimony. | *See* response to MIL 1, 11, 14, 22 |
| John Stimitz | May | See objections to designated testimony. | *See* response to MIL 1, 11, 14, 22, 25 |
| Michael Belcher | May | See objections to designated testimony. | *See* response to MIL 1, 11, 14 |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| James Beyris | May | See objections to designated testimony. | *See* response to MIL 1, 11, 14 |
| Thomas Siwek | May | Objection. Witness not previously disclosed. | Siwek is a rebuttal witness intended to rebut Domeny's testimony |
| John Collins | May | See objections to designated testimony | Collins, as Defendants' employee responsible for UL compliance, is relevant to rebut Defendants' argument that the UL 987 standard in place at the time the subject saw was manufactured prevented them from adopting a safer design incorporating an independent riving knife. |
| Philip Minalga | May | See objections to designated testimony. | *See* response to MIL 14. Minalga's work regarding flesh-detection technology is relevant to both |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| | | | feasibility and the reasonableness of Defendants' conduct. |
| David Dutterer | May | Objection. Witness not previously disclosed. | Dutterer's significance was not clear until the Project Oracle documents were fully reviewed. Given Dutterer's role, Defendants should have, but did not, disclose Dutterer on their Rule 26(f) disclosures and/or supplement their Rule 26(f) disclosures to identify Dutterer. Defendants have been on notice of Plaintiff's intent to call Dutterer since early June. |
| Keeper of Records, Town of Salem Fire/Rescue | May | No Objection. | |
| Keeper of Records, Aurora Medical Center | May | No Objection. | |
| Keeper of Records, Great Lakes Pathologists, SC | May | No Objection. | |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| Keeper of Records, Paratech Ambulance Service, Inc. | May | No Objection. | |
| Keeper of Records, Froedtert Lutheran Memorial Hospital | May | No Objection. | |
| Keeper of Records, Froedtert Medical College | May | No Objection. | |
| **Expert Witnesses:** | | | |
| Stephen Gass | Will | See MIL #4, 6, 8, 13, 18, 21, 25, 27, | *See* response to MIL 4, 6, 8, 13, 18, 21, 25, 27 |
| D. Robert Holt | Will | See MIL #3, 10 | *See* response to MIL 3, 10 |
| Kelly Mehler | Will | See MIL #7 | *See* response to MIL 7 |
| John Graham | Will | See MIL #1, 5, 25 | *See* response to 1, 5, 25 |
| If any of these witnesses the Plaintiff expect to call as live witnesses become unavailable, then Plaintiff will designate portions of their deposition transcripts. | | | |
| Plaintiff also designates all witnesses and contingent witnesses designated by Defendants | | | |
| Plaintiff reserves the right to call any witnesses listed by Defendants or any witness identified subsequently or for impeachment or rebuttal purposes to any issue raised by plaintiff. Plaintiff also reserves the right to call any court reporter for impeachment. | | | |

**(B)** **DEFENDANTS INTEND TO CALL THE FOLLOWING FACT WITNESSES LIVE:**

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| Peter Domeny | Will | No objection | |
| Brandon Stollings | May | No objection | |
| David Peot | May | No objection | |
| Wayne Hill | May | No objection | |
| Bryan Whiffen | May | No objection | |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| Scott Tennant | May | No objection | |
| Randy Light | May | No objection | |
| William Palmer | May | No objection | |
| Heather Lawder | May | No objection | |
| John Stimitz | May | No objection | |
| Michael Belcher | May | No objection | |
| James Beyris | May | No objection | |
| Carla Pritchard | May | Objection to the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |
| Scott Pritchard | May | Objection to the extent witness is being called to testify about statements Plaintiff made to | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| | | demonstrate his state of mind at the time of or following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | occurrence. |
| Cecilia Devine | May | Objection to the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| | | assumption of the risk defenses. | |
| Dr. Dzwierzynski | May | Objection to the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |
| Eric Strzesak | May | Objection to the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| | | following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | |
| Pamela Oldenburg | May | Objection to the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |
| Patricia A. Puidokas | May | Objection to | Statements plaintiff |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| | | the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |
| Susan Moser | May | Objection to the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or following the accident, which is no longer | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| | | relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | |
| William Carey | May | Objection to the extent witness is being called to testify about statements Plaintiff made to demonstrate his state of mind at the time of or following the accident, which is no longer relevant in light of Defendants' abandonment of their comparative negligence and assumption of the risk defenses. | Statements plaintiff made to demonstrate his state of mind at the time of or following the accident are relevant to the issue of whether plaintiff's conduct was the sole proximate cause of this occurrence. |
| If any of these witnesses the Defendants expect to call as live witnesses become unavailable, then Defendants will designate portions of their deposition transcripts. | | | |

12

| Witness Name | Will/May Call | Objection | Response |
|---|---|---|---|
| | | | |
| Defendants also designates all witnesses and contingent witnesses designated by Plaintiff | | | |
| Defendants reserve the right to call any witnesses listed by plaintiff or any witness identified subsequently or for impeachment or rebuttal purposes to any issue raised by plaintiff. Defendants also reserve the right to call any court reporter for impeachment. | | | |
| | | | |

(C) DEPOSITIONS TO BE OFFERED BY PLAINTIFF:

| Witness: Michael Belcher – 11/5/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 10:6 – 11:3 | NO OBJECTION |
| 11:19 – 11:24 | NO OBJECTION |
| 12:10 – 14:24 | NO OBJECTION |
| 15:9 – 15:24 | NO OBJECTION |
| 16:10 – 17:24 | OBJECTION (NEISS INADMISSIBLE; FOUNDATION; RELEVANCE; SPECULATION; LEADING QUESTION) |
| 18:24 – 19:18 | NO OBJECTION |
| 21:3 – 21:6 | NO OBJECTION |
| 21:7 – 27:15 | DEFENDANTS OBJECT TO 21:17 (NEISS INADMISSIBLE, SEE MIL 1); 22:1-7 (NEISS INADMISSIBLE, SEE MIL 1); 22:8 – 23:6 (NEISS INADMISSIBLE, SEE MIL 1); 23:7 (NEISS INADMISSIBLE; , SEE MIL , LEADING); 23:11 (FOUNDATION); 23:14-23 (HEARSAY); 24:6-13 (HEARSAY); 25:12-21 (RELEVANCE; HEARSAY); 25:24-26:6 (HEARSAY); AND 26:18-27:12 (HEARSAY; LEADING; ARGUMENTATIVE) |
| 37:23 – 43:16 | OBJECTION (RELEVANCE, SEE MIL NO. 11) |
| 47:16 – 48:6 | OBJECTION (RELEVANCE; HEARSAY) |
| 51:3 – 56:1 | OBJECTION (RELEVANCE; HEARSAY; FOUNDATION; INADMISSIBLE NEISS DATA; SEE MIL NO. 1) |

| 56:7 – 56:14 | OBJECTION (RELEVANCE; HEARSAY; FOUNDATION) |
| 57:18 – 59:9 | OBJECTION (RELEVANCE; HEARSAY; FOUNDATION) |
| 60:24 – 65:15 | OBJECTION (RELEVANCE; HEARSAY; FOUNDATION; NEISS INADMISSIBLE, SEE MIL NO. 1) |
| 66:5 – 68:11 | OBJECTION (RELEVANCE; HEARSAY; OPINION TESTIMONY) |
| 71:20 – 72:18 | OBJECTION (RELEVANCE; HEARSAY; FOUNDATION; SEE MIL NO. 14) |
| 73:13 – 73:19 | OBJECTION (NEISS INADMISSIBLE, SEE MIL NO. 1) |
| 74:7 – 76:8 | OBJECTION (RELEVANCE; FOUNDATION; HEARSAY; OPINION TESTIMONY; SEE MIL NO. 14) |
| 172:23 – 174:4 | OBJECTION (SEE MIL NO. 14) |
| 176:11 – 178:22 | OBJECTION (RELVANCE; FOUNDATION; HEARSAY; SEE MIL NO. 1, 14) |
| 183:1 – 183:22 | OBJECTION (RELEVANCE; FOUNDATION; HEARSAY; SEE MIL NO. 14) |
| 207:3 – 207:9 | OBJECTION (RELEVANCE, HEARSAY) |
| 208:19 – 210:1 | OBJECTION (RELEVANCE; FOUNDATION; HEARSAY) |
| 210:17 – 210:20 | NO OBJECTION IF PLATINIFF ADD 96:10-97:10; 98:9-21; 113:23-114:6; 271:9-12; 288:5-293:16 and 323:4-11 FOR COMPLETENESS |
| 302:8 – 304:9 | NO OBJECTION TO 302:8-303:10 IF THE ABOVE TESTIMONY IS ADDED. OBJECTION 303:11-304:9 (RELEVANCE, FOUNDATION; HEARSAY) |
| | *To the extent of the Court allows plaintiff to introduce deposition designations for Mr. Belcher, defendants request that the following additional designations be added for completeness:  226:11-22; 227:5-9; 228:11-230:9; 230:24 -232:9; 234:20-236:10; 241:21-243:15; 260:5-10.* |

| **Witness: James Beyreis – 1/27/2010** | |
| **Page and line designations** | **Objection:** |

| 9:1 – 9:5 | NO OBJECTION IF PLAINTIFF ADDS 8:15-24; and 9:24-10:16 |
|---|---|
| 10:17 – 11:23 | OBJECTION (RELEVANCE) |
| 28:24 – 29:18 | NO OBJECTION |
| 34:15 – 36:2 | OBJECTION TO 35:8-18 (HEARSAY; SEE MIL NO 1) |
| 43:2 – 45:2 | OBJECTION (HEARSAY; FOUNDATION; SPECULATION; RELEVANCY; INADMISSIBLE NEISS DATA; SEE MIL NO. 1) |
| 50:5 – 50:24 | OBJECTION (RELEVANCE) |
| 60:3 – 66:1 | OBJECTION TO 61:20-62:2 (FOUNDATION; HEARSAY; LEADING)<br><br>OBJECTION TO 62:10-14 (FOUNDATION; HEARSAY; SPECULATION; LEADING);<br><br>OBJECTION TO 62:15-66:1 (HEARSAY; RELEVANCY; SEE MIL NO. 1, 11, 14). IF ADMITTED DEFENDANTS REQUEST THAT 66:2-5; 87:9; 89:2-3; 98:3-16; 171:4-21; 178:1-179:13; 192:2-17; 205:3-206:8; 275:17-276:19; 279:4-281:14 BE ADDED FOR COMPLETENESS |
| 136:4 – 136:22 | OBJECTION (RELEVANCE) |
|  | *To the extent the Court allow plaintiff to introduce deposition designations of Mr. Beyreis, defendants request the following additional designations be added for completeness:257:10-13, 267:8-268:17* |

| **Witness: William Buck – 4/29/2009** | |
|---|---|
| **Page and line designations** | **Objection:** |
| 15:23 – 16:11 | NO OBJECTION |
| 24:21 – 29:7 | NO OBJECTION |
| 31:6 – 33:22 | NO OBJECTION IF PLAINTIFF ADDS 33:23-35:15 FOR COMPLETENESS |
| 47:14 - 49:11 | OBJECTION (RELEVANCE, SEE MIL NO. 14) |
| 49:12 – 51:5 | OBJECTION (RELEVANCE, SEE MIL NO. 14) |

| 51:10 – 51:21 | OBJECTION (RELEVANCE, SEE MIL NO. 22; OPINION TESTIMONY) |
|---|---|
| 51:22 – 54:10 | OBJECTION (RELEVANCE SEE MIL NO. 22; OPINION TESTIMONY) |
| 57:7 – 58:19 | OBJECTION (RELEVANCE; SEE MIL NO. 14, 22; OPINION TESTIMONY) |
| 63:21 – 66:9 | OBJECTION AS TO REFERENCE TO NEED TO MAKE SAW SAFER – SEE MIL NO. 2; ALSO AS TO COMPLETENESS ADD 63:7 - 20 |
| 71:5 – 71:19 | NO OBJECTION IF PLAITNIFF ADDS 71:20-72:17 FOR COMPLETENESS |
| 75:10 – 76:11 | NO OBJECTION IF PLAITNIFF ADDS 74:16-75:9 FOR COMPLETENESS |
| 85:10 – 85:15 | NO OBJECTION IF PLAITNIFF ADDS 85:16-86:9 FOR COMPLETENESS |
| 99:24 – 100:14 | NO OBJECTION IF PLAITNIFF ADDS 100:15-101:7 FOR COMPLETENESS |
| 101:8 – 101:15 | NO OBJECTION IF PLAITNIFF ADDS 100:15-101:7 FOR COMPLETENESS |
| 105:22 – 109:9 | NO OBJECTION IF PLAITNIFF ADDS 110:8-111:23 AND 116:12-22 FOR COMPLETENESS |
| 112:4 – 113:2 | NO OBJECTION IF PLAITNIFF ADDS 113:3-114:7 FOR COMPLETENESS |
| 185:3 – 185:18 | OBJECTION (RELEVANCE SEE MIL NO. 22) |
| 192:3 – 193:9 | OBJECTION (RELEVANCE; SEE MIL NO. 22; FOUNDATION; OPINION TESTIMONY; HEARSAY) |
| 200:23 – 202:14 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 213:12 – 214:8 | OBJECTION (RELEVANCE, SEE MIL NO. 10) |
| 219:3 – 221:14 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 228:18 – 229:17 | OBJECTION (RELEVANCE; SEE MIL NO. 14, FOUNDATION; HEARSAY) |
| 229:19 – 233:2 | OBJECTION (RELEVANCE, MIL NO. 14, 22; FOUNDATION, OPINION TESTIMONY) |
| 236:20 – 237:16 | OBJECTION (RELEVANCE, FOUNDATION; HEARSAY; SEE MIL NO. 14, 12) |

| Witness: Robert Bugos – 3/19/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| | |
| 17:10 – 18:10 | NO OBJECTION |
| 31:14 – 31:24 | NO OBJECTION |
| 33:8 – 33:20 | NO OBJECTION |
| 34:13 – 35:2 | NO OBJECTION |
| 42:21 – 43-19 | NO OBJECTION IF PLAITNIFF ADDS 43:20 – 44:5 FOR COMPLETENESS |
| 44:17 – 45:5 | OBJECTION TO 45:3-7; FOUNDATION |
| 45:19 – 46:7 | NO OBJECTION |
| 46:14 – 47:1 | NO OBJECTION |
| 66:1 - 69:4 | OBJECTION (HEARSAY, FOUNDATION, INCOMPLETE, RELEVANCE, SEE MIL NO. 21) |
| 110:7 – 116:7 | OBJECTION (RELEVANCE SEE MIL NO. 21) (IF ALLOWED, DEFENDANTS REQUEST PLAINTIFF ADDS 103:09-104:24 FOR COMPLETENESS) |
| 130:15 – 131:9 | OBJECTION (RELEVANCE SEE MIL NO. 21) |
| 133:11 – 135:21 | OBJECTION (RELEVANCE SEE MIL NO. 21) |
| 137:8 – 139:19 | OBJECTION (RELEVANCE SEE MIL NO. 21) |
| 165:1 – 169:20 | OBJECTION (RELEVANCE, HEARSAY, SEE MIL NOS. 11, 14, 22, 23) |
| 192:12 – 197:23 | OBJECTION (RELEVANCY; HEARSAY; FOUNDATION; SEE MIL NO. 1) |
| 198:5 – 200:5 | OBJECTION (RELEVANCE SEE MIL NO. 21) |
| 200:19 – 203:23 | OBJECTION (RELEVANCE, HEARSAY, FOUNDATIN, SEE MIL NO. 1, 23) |

| Witness: Jeffery Dils – 9/24/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 17:8 – 17:18 | OBJECTION (RELEVANCE) |
| 73:14 – 75:14 | OBJECTION (RELEVANCE; UNCONTESTED FACT SEE MIL NO. 21) |
| 121:8 – 123:19 | OBJECTION (RELEVANCE; UNCONTESTED FACT, SEE MIL NO. 21) |
| 158:14 – 165:15 | OBJECTION (RELEVANCE; UNCONTESTED FACT, SEE MIL NO. 21) |

| 170:1 – 170:24 | OBJECTION (RELEVANCE; UNCONTESTED FACT SEE MIL NO. 14, 21) |
|---|---|
| | *To the extent the Court allow plaintiff to introduce deposition designations of Mr. Dils, defendants request that its designations of Mr. Dils be added for completeness.* |

| Witness: Mark Hickock – 9/23/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 7:22 – 8:5 | NO OBJECTION |
| 12:22 – 13:11 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 15:18 – 15:23 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 16:3 – 16:16 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 18:13 – 19:10 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 27:1 – 28:10 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 29:15 – 33:3 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 33:4 – 34:14 | OBJECTION (RELEVANCE; SEE MIL NO. 14) (IF MIL DENIED ADD 34:14 – 36:19 FOR COMPLETENESS) |
| 50:4 – 51:25 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 75:18 – 78:15 | OBJECTION (RELEVANCE; SEE MIL NO. 14) (IF MIL DENIED ADD 78:16-80:4 FOR COMPLETENESS) |
| 80:5 – 80:15 | OBJECTION (RELEVANCE; SEE MIL NO. 14) (IF MIL DENIED ADD ABOVE TESTIMONY AND 80:15 FOR COMPLETENESS) |
| 81:6 – 83:16 | OBJECTION (RELEVANCE; SEE MIL NO. 14) (IF MIL DENIED ADD 83:17-84:22 FOR COMPLETENESS |
| 93:15 – 94:6 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 97:14 – 98:21 | OBJECTION (RELEVANCE; SEE MIL NO. 14) (IF MIL DENIED ADD 95:21-97:13 FOR COMPLETENESS) |

| Witness: Thomas Wayne Hill – 6/11/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 34:12 – 38:16 | OBJECTION (RELEVANCE) |
| 42:3 – 42:24 | OBJECTION (RELEVANCE) |
| 47:15 – 48:12 | NO OBJECTION |
| 62:12 – 63:19 | NO OBJECTION |
| 66:12 – 67:1 | OBJECTION (RELEVANCE) |
| 70:21 – 72:17 | NO OBJECTION |
| 74:3 – 74:24 | NO OBJECTION |
| 75:8 – 76:9 | NO OBJECTION |
| 76:10 – 76:18 | NO OBJECTION |
| 76:19 – 77:22 | OBJECTION (RELEVANCE) |
| 79:21 – 81:12 | NO OBJECTION IF PLAINTIFF ADDS 81:13-17 FOR COMPLETENESS |
| 86:9 – 86:18 | OBJECTION (RELEVANCE) |
| 92:17 – 100:8 | OBJECTION (RELEVANCE, SEE MIL 10; SUBSEQUENT REMEDIAL MEASURES AND INVESTIGATION) IF ALLOWED DEFENDANTS REQUEST PLAINTIFF ADD 100:9-24 FOR COMPLETENESS |
| 101:20 – 102:15 | OBJECTION (RELEVANCE, SEE MIL 10) IF ALLOWED, DEFENDANTS REQUEST THAT PLAINTIFF ADD 102:16-103:17 FOR COMPLETENESS |
| 103:3 – 104:5 | OBJECTION (RELEVANCE, SEE MIL 10); IF ALLOWED, DEFENDANTS REQUEST THAT PLAINTIFF ADD THE ABOVE TESTIMONY AND 104:6-23 FOR COMPLETENESS |
| 105:11 – 106:1 | OBJECTION (RELEVANCE, SEE MIL 10); IF ALLOWED, DEFENDANTS REQUEST THAT PLAINTIFF ADD  106:2-5 FOR COMPLETENESS |
| 116:14 – 122:14 | NO OBJECTION |
| 127:5 – 128:20 | OBJECITON (RELEVANCE) |
| 147:13 – 147:22 | OBJECITON (RELEVANCE, SEE MIL NO. 14; HEARSAY; FOUNDATION; OPINION TESTIMONY) |
| 150:15 – 150:24 | OBJECTION (RELEVANCE); IF ALLOWED, DEFENDANTS REQUEST THAT 151:1-2 BE ADDED |
| 153:23 – 154:18 | OBJECITON (RELEVANCE, HEARSAY) |

| 208:14 – 210:14 | OBJECTION (RELEVANCE; FOUNDATION) |
|---|---|
| 218:17 – 218:20 | OBJECTION (RELEVANCE; FOUNDATION) |
| | |

| Witness: Thomas Wayne Hill – 9/22/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 263:9 – 264:13 | OBJECTION (RELEVANCE)  IF ALLOWED, DEFENDANTS REQUEST THAT 264:14 – 265:11 FOR COMPLETENESS |
| 265:25 – 271:16 | OBJECTION (POST-OCCURRENCE REMEDIAL MEASURE; RELEVANCE; HEARSAY; SEE MIL NO. 11, 22) |
| 288:8 – 288:14 | OBJECTION (RELEVANCE) |
| 302:11 – 305:12 | OBJECTION AS TO THE 302:11 (INCOMPLETE) NO OBJECTION TO REMAINDER OF DESIGNATION IF PLAINTIFF ADDS 305:13 – 19 FOR COMPLETENESS |
| 306:14 – 309:25 | OBJECTION AS TO 306:14-307:4 (RELEVANCE, FORM, SEE MIL NO. 2); 307:12-309:25(RELEVANCE; POST OCCURRENCE REMEDIAL MEASURES; SEE MIL NO. 11, 22) |
| 311:3 – 312:9 | OBJECTION (HEARSAY; RELEVANCE; SEE MIL NO. 9) IF ALLOWED, ADD 312:10-14 FOR COMPLETENESS |
| 321:11 – 321:18 | NO OBJECTION |
| 330:22 – 332:9 | OBJECTION (FORM, HEARSAY, RELEVANCE) |
| 371:19 – 373:19 | OBJECTION (HEARSAY; RELEVANCE) |
| 395:5 – 396:4 | OBJECTION (RELEVANCE) IF ALLOWED, DEFENDANTS' REQUEST PLAITNIFF ADD *396:2-398:15* FOR COMPLETENESS |
| 400:10 – 402:9 | OBJECTION (RELEVANCE, POST OCCURRENCE REMEDIAL MEASURES; SEE MIL NO. 22, 23) |
| 403:19 – 404:8 | OBJECTION (RELEVANCE, POST OCCURRENCE REMEDIAL MEASURES; SEE MIL NO. 22, 23) |
| 409:4 - 419:19 | OBJECTION (RELEVANCE; SEE MIL NO. 23) |

| 430:9 – 432:20 | OBJECTION (RELEVANCE) IF ALLOWED ADD *432:21-433:22* FOR COMPLETENESS |

| Witness: Heather Lawder – 12/1/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 15:10 – 16:18 | OBJECTION TO 15:10-15 (TESTIMONY IMPROPERLY BEGINS WITH AND ANSWER); NO OBJECTION TO THE REMAINDER IF PLAINTIFF ADDS 20:15-21:18; 23:6-24:13; 30:7-17; 43:19-44:22; 46:17-47:25; 59:24-60:15; 103:6 – 14; AND 105:22 – 106:5 FOR COMPLETENESS |
| 18:3 – 18:14 | NO OBJECTION |
| 19:10 – 20:1 | OBJECTION (RELEVANCE) |
| 26:20 – 27:3 | OBJECTION (RELEVANCE, INCOMPLETE) |
| 28:20 – 32:15 | OBJECTION (RELEVANCE, HEARSAY, FOUNDATION, SEE MIL NO. 14) |
| 36:25 – 37:6 | NO OBJECTION |
| 37:14 – 38:6 | NO OBJECTION |
| 53:16 – 55:25 | OBJECTION (RELEVANCE) |
| 64:7 – 64:21 | NO OBJECTION IF PLATINIFF 67:14-17 and 71:10-22 FOR COMPLETENESS |
| 87:5 – 146:18 | DEFENDANTS OBJECT AS FOLLOWS AS TO 87:5 – 91:10 (SEE MIL NO. 21) 91:25 - 98:21 (RELEVANCE); 106:17-107:8 (RELEVANCE, FOUNDATION); 109:4-110:24 (RELEVANCE, FOUNDATION); 116:2-12 (FORM OF QUESTION, HEARSAY, ASSUMES FACTS NOT IN EVIDENCE, IMPROPER TESTIMONY BY PLAITNIFF'S COUNSEL); 117:17-118:13 (HEARSAY, SEE MIL NO. 1); 118:14 – 118:22 (FOUNDATION); 120:7-123:7 (HEARSAY, RELEVANCE, SEE MIL NO. 1); 123:12-124:12 (RELEVANCE, SEE MIL NO. 14, 22); 125:7-126:22 (HEARSAY, RELEVANCE, SEE MIL NO. 1, 11); 127:14-128:6 (RELEVANCE); 128:7-128:16 (SEE MIL NO. 11, 22); 128:17-129:8 (HEARSAY); -129:19-131:15 (FORM OF THE QUSTION MISSTATES PRIOR TESTIMONY); 132:4-133:6 (HEARSAY, RELEVANCE); 133:7-133:25 |

|  | (RELEVANCE, SEE MIL NO. 14); 134:1-136:11 (HEARSAY, RELEVANCE, SEE MIL NO. 14); 136:12-137:3 (HEARSAY, SPECULATION); 137:4-12 (HEARSAY, FOUNDATION, SPECULATION); 137:12-17 (RELEVANCE); 137:18 - 141:8 (RELEVANCE, HEARSAY, FOUNDATION, SPECULATION); 141:9-146:18 (HEARSAY, RELEVANCE) |
|  | *To the extent the Court allows plaintiff to introduce deposition designations of Ms. Lawder, defendants request that its designations be added for completeness.* |
|  |  |

| Witness: Randy Light – 12/1/2009 |  |
|---|---|
| **Page and line designations** | **Objection:** |
| 12:17 – 13:8 | OBJECTION (RELEVANCE, FOUNDATION) |
| 45:8 – 47:13 | OBJECTION (FORM, RELEVANCE, FOUNDATION, SEE MIL NO. 11) |
| 50:8 – 50:16 | OBJECTION (RELEVANCE; RELEVANCY BASED ON DATE; FOUNDATION) IF ADMITTED, ADD 48:6-15 |
| 66:8 – 79:4 | OBJECTION (RELEVANCE; SEE MIL NO. 11, 14, 22) |
| 80:7 – 80:15 | OBJECTION (RELEVANCE; SEE MIL NO. 11, 14, 22) |
| 80:21 – 85:5 | OBJECTION (RELEVANCE; SUBSEQUENT REMEDIAL MEASURES, SEE MIL NO. 11, 14, 22) |
| 107:20 – 110:19 | OBJECTION (RELEVANCE; SEE MIL NO. 11, 14, 22) |
| 112:19 – 113:11 | OBJECTION (RELEVANCE). IF ADMITTED, ADD 113:17-24, 114:24-115:13, 115:21-25 AND 117:1-5 |
| 138:16 – 139:2 | OBJECTION (RELEVANCY BASED ON DATE). IF ADMITTED, ADD 146:17-147:4, 149:2-22, 153:17-154:7, 157:9-160:3, 218:14-19 |
| 153:17 – 171:13 | OBJECTION AS TO 153:17-154:7 (UNCONTESTED FACT, SEE MIL NO. 21); |

|  | 155:6-158:1 (ARGUMENTIVE; FOUNDATION; HEARSAY); |
|  | 158:23-159:8 (FOUNDATION; HEARSAY); |
|  | 160:4-161:10 (ARGUMENTATIVE); |
|  | 165:1-19 (ARGUMENTATIVE); |
|  | 165:20-168:2 (ARGUMENTATIVE, HEARSAY; SEE MIL NO. 1, 6) |
|  | 168:13-169:5 (ARGUMENTATIVE, HEARSAY; SEE MIL NO. 1, 6) |
|  | 165:20-168:2 (ARGUMENTATIVE, HEARSAY; SEE MIL NO. 1, 6) |
|  | 169:6-170:11 (ARGUMENTATIVE, ASKED AND ANSWERED) |
|  | 170:24-171:13 (RELEVANCE, HEARSAY, FOUNDATION, SEE MIL NO. 23) |
| 174:6 – 177:5 | OBJECTION (FOUNDATION, RELEVANCE) |
| 223:21 – 225:12 | OBJECTION (RELEVANCE) |
|  | *To the extent the Court allows plaintiff to introduce deposition designations of Mr. Light, defendants request that its designations be added for completeness.* |

| Witness: William Palmer – 6/10/2009 |  |
| --- | --- |
| **Page and line designations** | **Objection:** |
| 21:6 – 21:18 | OBJECTION (RELEVANCE) |
| 22:12 – 22:18 | NO OBJECTION |
| 44:8 – 44:15 | OBJECTION (RELEVANCY AS TO TIME PERIOD; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; VAGUE). IF ADMITTED, ADD 102:8-15 |
| 52:17 – 53:2 | OBJECTION (RELEVANCY AS TO TIME PERIOD; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; |

| | VAGUE). IF ADMITTED, ADD 102:8-15 |
|---|---|
| 65:19 – 73:24 | OBJECTION (RELEVANCY AS TO TIME PERIOD; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; FOUNDATION) |
| 83:23 – 90:17 | OBJECTION (RELEVANCY; RELEVANCY AS TO TIME PERIOD; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; VAGUE; RELEVANCE; SEE MIL NO. 11, 14, 22) IF ADMITTED, ADD 102:8-15; 170:08-15; 191:10-15 |
| 101:1 – 101:21 | OBJECTION (QUESTION NOT SPECIFIED RELEVANCE; RELEVANCY AS TO TIME PERIOD; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; VAGUE). IF ADMITTED, ADD 102:8-15 |
| 102:17 – 102:21 | OBJECTION (RELEVANCE; RELEVANCY AS TO TIME PERIOD; FOUNDATION; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; VAGUE). IF ADMITTED, ADD 102:8-15 |
| 113:19 – 114:1 | OBJECTION (RELEVANCE; RELEVANCY AS TO TIME PERIOD; FOUNDATION; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; VAGUE). IF ADMITTED, ADD 102:8-15; 170:8-15; 191:10-15 |
| 139:10 – 140:9 | OBJECTION (RELEVANCE, SEE MIL NO. 14; RELEVANCY AS TO TIME PERIOD; COUNSEL IMPROPERLY TESTIFYING). IF ADMITTED, ADD 219:15-22; 220:9-13 |
| 156:12 – 157:11 | OBJECTION (RELEVANCY AS TO TIME PERIOD; LACK OF FOUNDATION; NOT ADMITTED DOCUMENT; ARGUMENTATIVE; ASSUMES FACTS NOT IN EVIDENCE; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; SPECULATION) |
| 206:25 – 207:2 | OBJECTION (QUESTION NOT SPECIFIED; RELEVANCE; LACK OF FOUNDATION; NOT ADMITTED DOCUMENT; ARGUMENTATIVE; |

| | ASSUMES FACTS NOT IN EVIDENCE; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; VAGUE) |
|---|---|
| 211:12 – 211:17 | OBJECTION (RELEVANCY OF TIME PERIOD; LACK OF FOUNDATION; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; VAGUE) |
| 311:4 – 319:14 | OBJECTION (RELEAVNCE; FOUNDATION; BEYOND THE SCOPE OF THE CORPORATE DEPOSITION NOTICE; SEE MIL NO. 14, 22) |
| | *To the extent the Court allows plaintiff to introduce deposition designations of Mr. Palmer, defendants request that its designations be added for completeness.* |

| **Witness: William Palmer – 12/8/2009** | |
|---|---|
| **Page and line designations** | **Objection:** |
| 5:14 – 6:6 | OBJECTION TO 5:16 – 20 (RELEVANCY) |
| 42:8 – 43:8 | OBJECTION (RELEVANCY; IMPROPERLY ASSUMES DUTY; VAGUE). IF ADMITTED, ADD 39:16-21; 100:6-16; 102:17-103:1; 119:16-23; AND 155:22-156:20 |
| 56:24 – 69:17 | OBJECTION (RELEVANCE; SUBSEQUENT REMEDIAL MEASURES, SEE MIL NO. 11, 14, 22) |
| 78:4 – 97:2 | OBJECTION (HEARSAY; RELEANCE; FOUNDATION; SEE MIL NO. 14, 22; REFERENCE TO INSURANCE SEE MIL NO. 26) |
| 97:14 – 98:2 | OBJECTION (RELEVANCE) |
| 99:11 – 99:21 | OBJECTION (RELEVANCY AS TO TIME PERIOD; IMPROPERLY ASSUMES DUTY; VAGUE). IF ADMITTED, ADD 39:16-21; 100:6-16; 102:17-103:1' 119:16-23 AND 155:22-156:20 |
| 102:11 – 102:16 | OBJECTION (RELEVANCY AS TO TIME PERIOD; IMPROPERLY ASSUMES DUTY; VAGUE). IF ADMITTED, ADD 39:16-21; 100:6-16; 102:17-103:1; 119:16-23 AND 155:22-156:20 |

25

| 112:13 – 112:20 | OBJECTION (RELEVANCE) |
|---|---|
| 114:14 – 118:10 | OBJECTION (RELEVANCE; FOUNDATION; HEARSAY; SEE MIL NO. 14) |
| 133:18 – 142:24 | OBJECTION 133:18-137:6 (HEARSAY; FOUNDATION; RELEANCE; ARGUMENTATIVE; RELEVANCY OF TIME PERIOD;  SEE MIL NO. 1,  14 ) IF ADMITTED, ADD 123:20 – 124:2 |
| 144:11 – 144:23 | OBJECTION (RELEVANCY; TIME PERIOD) |
| 145:5 – 154:24 | OBJECTION (RELEVANCE; FOUNDATION) |
| 157:20 – 157:24 | NO OBJECTION IF PLAITNIFF ADDS 166:1-5 FOR COMPLETENESS |
|  | *To the extent the Court allows plaintiff to introduce deposition designations of Mr. Palmer, defendants request that its designations be added for completeness* |

| Witness: David George Peot – 11/6/2008 |  |
|---|---|
| **Page and line designations** | **Objection:** |
| 25:2 - 25:10 | OBJECTION (RELEVANCE; SEE MIL NO. 14) |
| 26:1 – 27:15 | OBJECTION (HEARSAY, RELEVANCE; SEE MIL NO. 1, 14) |
| 55:13 – 62:23 | OBJECTION (RELEVANCE) |
| 102:2 – 103:21 | OBJECTION ONLY AS TO REFERENCE TO JOINT VENTURE, SEE MIL NO. 14; NO OBJECTION TO REMAINDER OF DESIGANTION IF PLAINTIFF ADDS 103:22 – 105:17 |
| 105:18 – 106:23 | NO OBJECTION IS PLAINTIFF ADDS 106:24-107:18 FOR COMPLETENESS |
| 110:9 – 111:6 | OBJECTION (RELEVANCE; SEE MIL NO. 14)  IF ALLOWED DEFENDANTS REQUEST PLAITNIFF TO ADD 111:7-113:3 FOR COMPLETENESS |
| 113:4 – 113:16 | OBJECTION (RELEVANCE; SEE MIL NO. 14)  IF ALLOWED DEFENDANTS REQUEST PLAITNIFF TO ADD 114:15-115-19 FOR COMPLETENESS |
| 161:23 – 162:4 | OBJECTION (SEE MIL 14, 24) |
| 165:16 – 167:7 | OBJECTION (SEE MIL 14, 21, 24) IF |

| | ALLOWED, DEFENDANTS REQUEST PLAINTIFF ADD 148:16-151:13, 152:20-153:6, 159:14-160:3, 167:8-168:10 FOR COMPLETENESS |
|---|---|

| Witness: David George Peot – 3/5/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 284:2 – 286:2 | OBJECTION (RELEVANCE, SEE MIL NO. 14) |
| 288:10 – 289:22 | OBJECTION (RELEVANCE; SEE MIL NO 14 |
| 303:16 – 305:1 | OBJECTION (RELEVANCE; OPINION TESTIMONY; HEARSAY; SUBSEQUENT REMEDIAL MEASURES, SEE MIL NO. 22) |
| 305:16 – 305:21 | OBJECTION (RELEVANCE; OPINION TESTIMONY; HEARSAY; SUBSEQUENT REMEDIAL MEASURES, SEE MIL NO. 22) |
| 313:6 – 315:9 | OBJECTION TO 313:6-15 (RELEVENCY; HEARSAY; FOUNDATION): OBJECTION TO 313:16-315:9 (RELEVANCE, SEE MIL NO. 14) |
| 337:16 – 337:22 | OBJECTION (FORM, FOUNDATION) IF ALLOWED DEFENDANTS REQUEST PLAITNIFF ADD 337:3-15 FOR COMPLETENESS |
| 346:13 – 346:22 | OBJECTION (RELEVANCE; FOUNDATION; HEARSAY; SEE MIL NO. 1, 14) |
| 350:17-352:6 | OBJECTION (RELEVANCE; HEARSAY; SEE MIL NO. 1, 14) |
| 353:15 – 354:1 | OBJECTION (RELEVANCE; HEARSAY; SEE MIL NO. 1, 14) |
| 357:9 – 358:11 | OBJECTION (RELEVANCE; HEARSAY; SEE MIL NO. 1, 14) |
| 370:16 – 373:15 | NO OBJECTION |
| 381:7 – 384:12 | OBJECTION (RELEVANCY, HEARSAY, SEE MIL NO. 1, 11, 14) IF ALLOWED, DEFENDANTS REQUEST PLAINTIFF ADD 384:13-390:5 FOR COMPLETENESS |
| 390:6 – 391:15 | OBJECTION (RELEVANCE; FOUNDATION; HEARSAY; SEE MIL NO. 21) IF ALLOWED, DEFENDANTS REQUEST PLAINTIFF ADD 384:13-390:5 |

| | |
|---|---|
| | FOR COMPLETENESS |
| 392:18 – 398:23 | OBJECTION (HEARSAY; FOUNDATION; RELEVANCE, SEE MIL NO. 14 |
| 409:10 – 411:22 | OBJECTION (RELEVANCE, FOUNDATION, SEE MIL 14, 25) |
| 411:24 – 415:23 | OBJECTION (FOUNDATION; HEARSAY; RELEVANCE; SEE MIL NO. 11, 14) IF ALLOWED DEFENNDATS REQUEST PLAITNIFF ADD 415:24-416:7 FOR COMPLETENESS |
| 418:6 – 423:9 | OBJECTION (FOUNDATION; HEARSAY; RELEVANCE; SEE MIL NO. 11, 14, 22) IF ALLOWED DEFENDANTS REQUEST PLAINTIFF ADD 424:16-432:10 FOR COMPLETENESS |
| 432:11-433:16 | OBJECTION (FOUNDATION; HEARSAY; RELEVANCE; SEE MIL NO. 11, 14, 22) IF ALLOWED DEFENDANTS REQUEST PLAINTIFF ADD 433:17-434:17 FOR COMPLETENSS |
| 434:18 – 435:9 | OBJECTION (FOUNDATION; HEARSAY; RELEVANCE; SEE MIL NO. 11, 14, 22) IF ALLOWED DEFENDANTS REQUEST PLAINTIFF ADD 433:17-434:17 FOR COMPLETENSS |
| 460:23 – 461:12 | OBJECTION (RELEVANCE; SEE MIL NO 14, 21); |
| 464:6 – 464:12 | OBJECTION (RELEVANCE; FOUNDATION; HEARSAY; SEE MIL NO. 14, 21) |
| 470:21 – 474:11 | OBJECTION (RELEVANCE, SEE MIL NO. 14) IF ALLOWED, DEFENDANTS REQUEST PLAINTIFF ADD 474:12-16 FOR COMPLETENESS |
| 475:19 – 476:21 | OBJECTION (FOUNDATION; HEARSAY) |
| 484:17 – 484:24 | OBJECTION (FOUNDATION; HEARSAY; RELEVANCE; INCOMPLETE QUESTION/ANSWER) IF ALLOWED DEFENDANTS REQUEST PLAINTIFF ADD 485:1-486:13 FOR COMPLETENESS |
| 486:19-488:5 | OBJECTION (FOUNDATION; HEARSAY; RELEVANCE) IF ALLOWED ADD 488:16-490:1 FOR COMPLETNESS |

| | |
|---|---|
| **Witness: John Stimitz – 9/30/2009** | |

| Page and line designations | Objection: |
|---|---|
| 9:20 – 9:22 | NO OBJECTION |
| 10:3 – 15:17 | NO OBJECTION |
| 17:11 – 18:4 | NO OBJECTION |
| 21:20 – 23:4 | NO OBJECTION |
| 30:12 – 33:20 | OBJECTION (RELEVANCE, SEE MIL NO. 11) ALSO THIS SHOULD ONLY BE TO LINE 19 |
| 35:18 – 36:15 | OBJECTION (HEARSAY; FOUNDATION; SEE MIL NO. 11, 14, 25) |
| 49:21 – 53:19 | OBJECTION (RELEVANCE, SEE MIL NO. 14, 22) IF ALLOWED DEFENDANTS REQUST PLAINTIFF ADDS 65:5-67:18 FOR COMPLETENESS |
| 71:9 – 71:14 | OBJECTION (HEARSAY; FOUNDATION; SEE MIL NO. 1) |
| 72:15 – 72:24 | OBJECTION (HEARSAY; FOUNDATION; SEE MIL NO. 1, 14) |
| 88:23 – 89:11 | OBJECTION (HEARSAY; FOUNDATION; SEE MIL NO. 1) |
| 89:19 – 89:24 | OBJECTION (HEARSAY; FOUNDATION; SEE MIL NO. 1) |
| 90:17 – 90:23 | OBJECTION (HEARSAY; FOUNDATION; SEE MIL NO. 1) |
| 139:14 – 140:10 | OBJECTION (HEARSAY; FOUNDATION; RELEVANCE; SEE MIL NO. 25) |
| 146:14 – 147:19 | OBJECTION (HEARSAY; FOUNDATION; RELEVANCE; SEE MIL NO. 1, 14, 22, 25) |
| 160:11 – 161:19 | OBJECTION (HEARSAY; RELEVANCE; SEE MIL NO. 1, 14, 22, 25) |
| 164:2 – 166:4 | OBJECTION (HEARSAY; RELEVANCE; SEE MIL NO. 11, 14, 22, 25) |
| 193:17 – 196:4 | OBJECTION (HEARSAY; RELEVANCE; SEE MIL NO. 11, 14, 22, 25) |
| 214:17 – 221:12 | OBJECTION (HEARSAY; RELEVANCE; SEE MIL NO. 11, 14, 22, 25) |
| | *To the extent the Court allows plaintiff to introduce deposition designations of Mr. Stimitz, defendants request that its designations be added for completeness* |

| Witness: John Stimitz – 10/1/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 370:20 – 376:4 | OBJECTION (RELEVANCE; SEE MIL |

| | NO. 11, 14) |
|---|---|
| 376:5 – 384:19 | OBJECTION (HEARSAY; RELEVANCE; FOUNDATION; SEE MIL NO. 1, 14) |
| 386:17 – 387:19 | OBJECTION (RELEVANCE; SEE MIL NO. 11, 14, 22) |
| 391:2 – 392:24 | OBJECTION (RELEVANCE, FORM, SEE MIL NO. 2) |
| 394:11 – 394:23 | OBJECTION (RELEVANCE, SEE MIL NO. 14) |
| 404:20 – 405:17 | OBJECTION (HEARSAY; SEE MIL NO. 1) |
| 409:12 – 412:22 | OBJECTION (HEARSAY; RELEVANCE; SEE MIL NO. 1) |
| 426:8 – 432:3 | OBJECTION (HEARSAY; RELEVANCE; SEE MIL NO. 1) |
| | *To the extent the Court allows plaintiff to introduce deposition designations of Mr. Stimitz, defendants request that its designations be added for completeness* |

| Witness: Scott Tenant – 8/14/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 5:14 – 6:1 | NO OBJECTION IF PLAINTIFF ADDS 49:9 – 50:8 FOR COMPLETENESS. |
| 18:24 – 20:1 | NO OBJECTION |
| 29:16 – 31:2 | OBJECTION (RELEVANCE; DUPLICATIVE TESTIMONY OF OTHER WITNESSES) |
| 45:22 – 47:10 | OBJECTION (RELEVANCE; SEE MIL NO. 10) |
| 71:12 – 72:24 | OBJECTION TO (RELEVANCE; DUPLICATIVE TESTIMONY OF OTHER WITNESSES; ATTORNEY COLLOQUY) |
| 73:14 – 75:12 | OBJECTION (RELEVANCE; FOUNDATION; SEE MIL NO. 22) |
| 78:2 – 78:23 | OBJECTION (RELEVANCE; FOUNDATION; SEE MIL NO. 11, 22) |
| 79:20 – 81:9 | OBJECTION (RELEVANCE; FOUNDATION; OPINION TESTIMONY; SUBSEQUENT REMEDIAL MEASURES, SEE MIL NO. 22) |
| 83:2 – 85:3 | OBJECTION (RELEVANCE; FOUNDATION; OPINION TESTIMONY; SEE MIL NO. 22) |
| 86:12 – 87:3 | OBJECTION (RELEVANCE; |

| | |
|---|---|
| | FOUNDATION; OPINION TESTIMONY; SEE MIL NO.11,  22) |
| 91:15 – 92:21 | OBJECTION (RELEVANCE; FOUNDATION; OPINION TESTIMONY; SEE MIL NO. 11, 22) |
| 93:23 – 94:12 | OBJECTION (RELEVANCE; FOUNDATION; OPINION TESTIMONY; SEE MIL NO. 22) |
| 95:21 – 97:9 | OBJECTION (RELEVANCE; FOUNDATION; OPINION TESTIMONY; SEE MIL NO. 22) |
| 98:23 – 99:2 | OBJECTION (FOUNDATION, RELEVANCE, SEE MIL 14) |
| 104:1 – 104:11 | OBJECTION (FOUNDATION, RELEVANCE, SEE MIL 14) |
| | |

| Witness: Scott Tenant – 10/27/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 227:17 – 230:22 | NO OBJECTION TO 227:18-22 IF PLAITNIFF ADDS LINE 227:17 FOR COMPLETENESS OBJECTION TO 227:18 – 230:22 (RELEVANCE SEE MIL NO. 14) |
| 248:9 – 248:20 | NO OBJECTION |
| 256:22 – 259:10 | OBJECTION  (RELEVANCE; FOUNDATION; SUBJECT SAW NOT MENTIONED; SUBSEQUENT REMEDIAL MEASURE; SEE MIL NO. 22). |
| 266:13 – 269:10 | OBJECTION  (RELEVANCE; FOUNDATION; SUBJECT SAW NOT MENTIONED; SUBSEQUENT REMEDIAL MEASURE; SEE MIL NO. 22). |
| 273:7 – 276:12 | OBJECTION (RELEVANCE;SUBJECT SAW NOT MENTIONED, SEE MIL NO. 23); IF ALLOWED, DEFENDANTS REQUEST THAT 276:13-18 BE ADDED FOR COMPLETENESS. |
| 297:6 – 300:4 | OBJECTION (RELEVANCE; HEARSAY; SUBSEQUENT REMEDIAL MEASURES; SEE MIL NO. 14, 22). |
| 300:19 – 301:13 | OBJECTION (RELEVANCE; HEARSAY; SUBSEQUENT REMEDIAL MEASURES; SEE MIL NO. 14, 22). |

| 303:8 – 304:5 | OBJECTION (RELEVANCE; HEARSAY; SUBSEQUENT REMEDIAL MEASURES; SEE MIL NO. 14, 22). |
| 304:18 – 304:24 | OBJECTION (RELEVANCE; HEARSAY; SUBSEQUENT REMEDIAL MEASURES; SEE MIL NO. 14, 22). |
| 406:1 – 407:13 | OBJECTION (RELEVANCE; SEE MIL NO. 10) |
| 413:13 – 414:22 | OBJECTION (RELEVANCE; OPINION TESTIMONY; SUBSEQUENT REMEDIAL MEASURES; SEE MIL NO. 22) |

| Witness: George Whelchel – 3/20/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 20:17 – 22:4 | NO OBJECTION |
| 24:11 – 24:15 | OBJECTION (RELEVANCY) |
| 34:11 – 35:7 | OBJECTION (RELEVANCE; SUBJECT SAW NOT MENTIONED) |
| 43:13 – 45:13 | OBJECTION (RELEVANCE; SUBJECT SAW NOT MENTIONED) |
| 49:22 – 50:19 | OBJECTION (RELEVANCY) (IF ALLOWED, DEFENDANTS REQUEST THAT 50:20-51:18 BE ADDED FOR COMPLETENESS) |
| 51:22 – 53:12 | OBJECTION (RELEVANCE; SUBJECT SAW NOT MENTIONED) |
| 58:12 – 59:23 | OBJECTION (RELEVANCY) |
| 98:19 – 100:18 | OBJECTION (RELEVANCE, SEE MIL 10) (IF ALLOWED, DEFENDANTS REQUEST THAT 97:17-98:7 BE ADDED FOR COMPLETENESS) |
| 105:3 – 107:9 | OBJECTION (RELEVANCE, SEE MIL 10) |
| 182:10 – 182:24 | OBJECTION (RELEVANCE; SEE MIL NO. 22) |
| 194:16 – 197:5 | NO OBJECTION IF PLAINTIFF ADDS 191:24 – 194:15 AND 197:6-20 FOR COMPLETENESS |
| 210:1 – 210:23 | NO OBJECTION |
| 228:2 – 230:20 | OBJECTION (RELEVANCY; SEE MIL NO. 14; FOUNDATION; HEARSAY) |

| Witness: Bryan Whiffen – 4/30/2009 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 7:4 – 7:14 | NO OBJECTION |

| | |
|---|---|
| 44:23 – 46:21 | OBJECTION (RELEVANCE; UNCONTESTED FACT, SEE MIL NO. 21) |
| 54:16 – 61:23 | OBJECTION (RELEVANCE, SEE MIL NO. 14; UNCONTESTED FACT, SEE MIL NO. 21) |
| 97:22 – 99:7 | OBJECTION (RELEVANCE) |
| 104:22 – 105:21 | NO OBJECTION IF PLAINTIFF ADDS DEFENDANTS' DESIGNATION FOR WHIFFEN FOR COMPLETENESS |
| 111:13 – 113:24 | OBJECTION (RELEVANCY, SEE MIL NO. 14; HEARSAY; FOUNDATION) |
| 128:21 – 131:24 | OBJECTION (RELEVANCY, SEE MIL NO. 14, 22, HEARSAY, OPINION TESTIMONY) |
| 138:8 – 141:10 | OBJECTION (RELEVANCY, SEE MIL NO. 11, 22) |
| 142:2 – 143:1 | OBJECTION (RELEVANCE, SEE MIL NO. 22) |
| 144:5 – 146:1 | OBJECTION (RELEVANCE, SEE MIL NO. 22) |
| 151:15 – 153:7 | OBJECTION (RELEVANCE, SEE MIL NO. 22) |
| 157:19 – 158:20 | OBJECTION (RELEVANCY; SEE MIL NO. 22, HEARSAY; FOUNDATION) |
| 159:8 – 160:16 | OBJECTION (RELEVANCY; SEE MIL NO. 22, HEARSAY; FOUNDATION) |
| 163:15 – 164:8 | OBJECTION (RELEVANCY; SEE MIL NO. 11, 22, HEARSAY; FOUNDATION) |
| 188:2 – 189:21 | OBJECTION (RELEVANCY; HEARSAY; FOUNDATION; SEE MIL NO. 1, 14, 29) |
| 206:19 – 207:5 | OBJECTION (RELEVANCE, SEE MIL NO. 14) IF ALLOWED, DEFENDANTS REQUEST THAT PLATINIFF ADDS 207:20-208:5; 216:24-218:22 AND 244:9-245:8 FOR COMPLETENESS |
| 239:10 – 256:8 | OBJECTION (RELEVANCY, SEE MIL NO. 14, 21; FOUNDATION, HEARSAY) |
| 256:22 – 258:19 | OBJECTION (RELEVANCE; SEE MIL NO. 14; HEARSAY; FOUNDATION) |
| | *To the extent the Court allows plaintiff to introduce deposition designations of Mr. Whiffen, defendants request that its designations be added for completeness* |

| | |
|---|---|
| **Witness: Peter Domeny – Osorio Trial** | |

| Designations | |
|---|---|
| 5:7-14 | DEFENDANTS OBJECT TO THIS DESIGNATION AS IT IS INCOMPLETE AND CUMULATIVE OF THE TESTIMONY WHICH WILL BE OFFERED BY MR. DOMENY LIVE AT TRIAL.  FURTHER THIS IS TESTIMONY WHICH WAS GIVEN BY MR. DOMENY IN A DIFFERENT CASE INVOLVING A DIFFERENT PLAINTIFF AND A DIFFERENT PRODUCT.  TO THE EXTENT THAT THIS COURT ALLOWS ANY PORTION OF THIS TESTIMONY TO BE READ DURING PLAINTIFF'S CASE IN CHIEF, DEFENDANTS REQUEST THAT MR. DOMNEY'S ENTIRE TESTIMONY GIVEN DURING THE *OSORIO* TRIAL BE READ AS REQUIRED BY THE RULE OF COMPLETENESS. |
| 8:8-14 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. |
| 19:7-16 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE.  DEFENDANT FURTHER OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 20:11-21:5 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. |
| 22:9-13 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE.  DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 22:25-23:23 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE.  DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 23:24: 26:10 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. |
| 28:2-4 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE.  DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 28:4-7 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE.  DEFENDANT FURTHER OBJECTS TO THE |

|  | INCOMPLETE QUESTION/ANSWER. |
|---|---|
| 28:15-18 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. |
| 30:16-24 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 31:14-32:4 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. |
| 44:15-16 – | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 47:25-48:1 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 58:24 – 59:12 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 61:13-18: | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 62:25-63:5 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 99:15-25 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE RELEVANCE TO THE EXTENT THIS TESTIMONY CONCERNS THE BTS 15 NOT THE BTS 10. |
| 100:3-4 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER AND THE RELEVANCE TO THE EXTENT THIS TESTIMONY CONCERNS THE BTS 15 NOT THE BTS 20. |
| 101:15-21 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER |

| | |
|---|---|
| | AND THE RELEVANCE TO THE EXTENT THIS TESTIMONY CONCERNS THE BTS 15 NOT THE BTS 20. |
| 108:17-20 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER AND THE RELEVANCE (SEE MIL NO. 14) |
| 111:19-21 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 117:2-5 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 118:1-10 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 125:25-126:1-8 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER ALSO SEE MIL NO. 1 |
| 128: 5-6 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 131:8-20 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 135:25-136:1-2. | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER AND THE FACT THAT THIS TESTIMONY WOULD BE CONFUSING AND MISLEADING TO THE JURY AS MR. DOMENY IS REFERRING TO THE OSORIO OCCURRENCE. |
| 142:10-12 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO RELEVANCE |

| | AND THE FACT THAT THIS TESTIMONY WOULD BE CONFUSING AND MISLEADING TO THE JURY AS MR. DOMENY IS REFERRING TO THE OSORIO OCCURRENCE. |
|---|---|
| 153:10-12 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE QUESTION/ANSWER. |
| 153:13-23. | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE CONTEXT PROVIDED FOR THIS QUESTION/ANSWER. |
| 154:17-20 | SEE OBJECTION TO FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE CONTEXT PROVIDED FOR THIS QUESTION/ANSWER. |
| 158:23-159:4. | DEFENDANT FURTHER OBJECTS TO THE INCOMPLETE CONTEXT PROVIDED FOR THIS QUESTION/ANSWER. |

| **Witness: David Peot – Osorio Trial Designations** | |
|---|---|
| 85:15-25 | DEFENDANTS OBJECT TO THIS ENTIRE DESIGNATION AS IT IS INCOMPLETE AND CUMULATIVE OF THE TESTIMONY WHICH HAS ALREADY BEEN DESIGNATED BY PLAINTIFF AND OF THE TESTIMONY WHICH WILL BE OFFERED LIVE AT TRIAL. FURTHER THIS IS TRIAL TESTIMONY WHICH WAS GIVEN BY MR. PEOT IN A DIFFERENT CASE INVOLVING A DIFFERENT PLAINTIFF AND A DIFFERENT PRODUCT. TO THE EXTENT THAT THIS COURT ALLOWS ANY PORTION OF THIS TESTIMONY TO BE READ DURING PLAINTIFF'S CASE IN CHIEF, DEFENDANTS REQUEST THAT MR. PEOT'S ENTIRE TESTIMONY GIVEN DURING THE *OSORIO* TRIAL BE READ AS REQUIRED |

| | BY THE RULE OF COMPLETENESS. |
|---|---|
| 86:13-18 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETE QUESTION AND ANSWER. |
| 89:1-13 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. |
| 89:17-24 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND HEARSAY (SEE MIL NO. 1) |
| 100:4-12 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO.14) |
| 104:8-15 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 110:12-111:1 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 112:1-9 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 113:25-114:3 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 114:9-12 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO INCOMPLETENESS OF ANSWER AND RELEVANCE (SEE MIL NO. 14) |
| 120:14-16 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETENESS OF CONTEXT (SEE MIL NO. 21) |
| 125:2-18 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETENESS OF CONTEXT |

| | |
|---|---|
| 141: 18-142:2: | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 12, 14) |
| 147:25-148:7 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 153:3-15 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 167:25-168:3 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETENESS OF CONTEXT (SEE MIL NO. 21) |
| | |
| DAY 2 (DAY 5 OF TRIAL) | |
| 10:2 – 10:9 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETENESS OF QUESTION AND ANSWER (SEE MIL NO. 14) |
| 10:24-11:2 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETENESS OF QUESTION AND ANSWER (SEE MIL NO. 14) |
| 15:7-16:15 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETENESS OF QUESTION AND ANSWER (SEE MIL NO. 14) |
| 33:1-34:25 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE AND HEARSAY (SEE MIL NO. 1) |
| 36:9-37:14 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO SUBSEQUENT REMEDIAL MEASURE (SEE MIL NO. 22) |
| 39:18-41:6 (on redirect) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |

| | |
|---|---|
| 43:21-45:14 (on redirect) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 46:24-47:23 (on redirect) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE |
| 48:11-49:4 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE |
| 50:25-53:9 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 53:10-54:10 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 54:24-55:1 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 55:2-19 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 56:2-12 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 56:13-57:10 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 57:17-20 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 58:11-15 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 58:20-59:21 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE.  DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |

| 59:22-60:7 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
|---|---|
| 60:14-61:13 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 61:14-62:17 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 64:20-65:17 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 67:8-25 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14, 22) |
| 68:18-69:16 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND SUBSEQUENT REMEDIAL MEASURES (SEE MIL NO. 14, 22) |
| 70:24-72:8 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO SUBSEQUENT REMEDIAL MEASURES (SEE MIL NO. 22) |

| Witness: Wayne Hill – Osorio Trial Designations | |
|---|---|
| 108:14-109:12 (on direct) | DEFENDANTS OBJECT TO THIS ENTIRE DESIGNATION AS IT IS INCOMPLETE AND CUMULATIVE OF THE TESTIMONY WHICH HAS ALREADY BEEN DESIGNATED BY PLAINTIFF AND OF THE TESTIMONY WHICH WILL BE OFFERED LIVE AT TRIAL. FURTHER THIS IS TESTIMONY WHICH WAS GIVEN BY MR. HILL IN A DIFFERENT CASE INVOLVING A DIFFERENT PLAINTIFF AND A DIFFERENT PRODUCT. TO THE |

| | EXTENT THAT THIS COURT ALLOWS ANY PORTION OF THIS TESTIMONY TO BE READ DURING PLAINTIFF'S CASE IN CHIEF, DEFENDANTS REQUEST THAT MR. HILL'S ENTIRE TESTIMONY GIVEN DURING THE *OSORIO* TRIAL BE READ AS REQUIRED BY THE RULE OF COMPLETENESS. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 29) |
|---|---|
| 115:21-116:7 (on direct) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE |
| 119:10-120:17 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO THE REFERENCE TO RYOBI'S DUTY TO "MAKE SAWS SAFER" AS IT IS IMPROPER (SEE MIL NO. 2) |
| 124:16-125:8 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 21) |
| 125:21-126:9 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 14) |
| 126:11-14 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. |
| 127:19-131:9 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL 23) |
| 130:9-15 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND INCOMPLETE QUESTION AND ANSWER |
| 143:19 – 144:23 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND HEARSAY (SEE MIL NO. 1) |
| 145:19 – 146:13 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE, HEARSAY AND INCOMPLETE |

| | QUESTION AND ANSWER (SEE MIL NO. 1) |
|---|---|
| 157:13-158:1 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 10) |
| 158:12-18 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. |
| 158:19-159:3 | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE (SEE MIL NO. 10) |
| 159:4-160:7 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT ALSO OBJECTS TO RELEVANCE AND JURY CONFUSION AND PREJUDICE AS IT REFERENCE'S MR. OSORIO'S INJURY |
| 160:8-166:10 (on cross) | SEE OBJECTION TO THE FIRST DESIGNATION, ABOVE. DEFENDANT FURTHER OBJECTS TO RELEVANCE AND JURY CONFUSION AND PREJUDICE AS IT REREFERENCES A DIFFERENT SAW |

| Witness: David Peot – 10/30/2010 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 24:17 – 24:22 | NO OBJECTION IF PLAITNIFF ADDS 24:23-25:15 FOR COMPLETNESS |
| 26:20 – 27:5 | NO OBJECTION |
| 28:19 – 29:20 | NO OBJECTION |
| 31:19 – 32:18 | NO OBJECTION IF PLAINTIFF ADD 310:8-19 FOR COMPLETNESS |
| 33:3 – 34:18 | NO OBJECTION |
| 34:23 – 36:24 | NO OBJECTION IF PLAINTIFF ADD 310:3-19 FOR COMPLETNESS |
| 54:3 – 54:22 | OBJECTION TO REFERENCE TO NEISS DATA (SEE MIL 1) IF ALLOWED, DEFENDANTS REQUEST THAT PLAITNIFF ADD 56:12-17 AND 57:3-16 FOR COMPLETENESS |
| 62:5 – 63:5 (omit 62:15 – 62:17) | NO OBJECTION |
| 75:15 – 77:8 | OBJECTION (SUBSEQUENT REMEIDAL MEASURES, RELEVANCE, SEE MIL 22) IF ALLOWED, DEFENDNATS REQUEST |

|  | PLAITNIFF ADD 310:3-19 AND 315:24-316:5 FOR COMPLETNES*S* |
|---|---|
| 85:2 – 86:20 | OBJECTION (FORM, FOUNDATION) IF ALLOWED DEFENDANTS REQUEST PLAITNIFF ADD 343:22-344:12 FOR COMPLETNESS |
| 129:6 – 130:14 | NO OBJECTION IF PLAINTIFF ADDS 128:5-129:5, 353:11-354:4, *315:24-316:5, 310:3-19* FOR COMPLETNESS |
| 133:13 – 134:21 | NO OBJECTION |
| 137:23 – 139:15 | NO OBJECTION |
| 214:7 – 215:4 | OBJECTION (HEARSAY, RELEVANCE, SEE MIL 1, 14, 24) |
| 218:4 – 220:20 | OBJECTION (HEARSAY, RELEVANCE, SEE MIL 1, 14, 24) |
| 225:25 – 227:16 | OBJECTION (SEE MIL 11, 14, 22) IF ALLOWED DEFENDANTS REQEUST PLAITNIFF ADD 227:17-230:6 FOR COMPLETION |
| 274:3 – 274:8 | OBJECTION (HEARSAY, RELEVANCE, SEE MIL NO. 1, 14) |
| 275:15 – 275:19 | OBJECTION (HEARSAY, RELEVANCE, SEE MIL NO. 1, 14) |
| 279:22 – 284:3 | OBJECTION (FORM, FOUNDATION, HEARSAY, RELEVANCE, SEE MIL NO. 1, 14) |
| 285:25 – 287:20 | OBJECTION (FORM, FOUNDATION, HEARSAY, RELEVANCE, SEE MIL NO. 1, 14) |
| 291:11 – 291:24 | OBJECTION (RELEVANCE, SEE MIL NO. 14, 22) |
| 295:13 – 297:18 | OBJECTION (RELEVANCE, FOUNDATION,  SEE MIL NO. 14, 22) |
| 299:3 – 300:14 | OBJECTION (RELEVANCE, FOUNDATION,  SEE MIL NO. 14, 22) |
| 301:17 – 303:2 | OBJECTION (RELEVANCE, FOUNDATION,  SEE MIL NO. 14)  IF ALLOWED, DEFENDNATS REQUEST PLAINTIFF ADD 303:5-304:20 FOR COMPLETNESS |
| 360:18 – 365:9 | OBJECTION (RELEAVNCE, SEE MIL 14, 21) IF ALLOWED, DEFENDATNS REQUST PLAITNIFF ADD 316:6-324:14 AND 358:7-359:14 FOR COMPLETNESS |
| 366:13 – 368:3 | OBJECTION (SEE MIL 1) IF ALLOWED, DEFENDANTS REQUEST PLAINTIFF |

| | ADD 341:19-342:21 FOR COMPLETNESS |
|---|---|

| Witness: John Collins – 10/01/2010 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 29:5 – 30:19 | NO OBJECTION |
| 35:18 – 37:22 | OBJECTION (RELEVANCE) |
| 42:8 – 43:9 | OBJECTION (FOUNDATION) |
| 57:15 – 60:11 | OBJECTION (FOUNDATION, HEARSAY, RELEVANCE AS TO TIME PERIOD, DIFFERENT SAW) |

| Witness: Philip Minalga – 10/01/2010 | |
|---|---|
| **Page and line designations** | **Objection:** |
| 24:6 – 24:17 | NO OBJECTION |
| 30:8 – 34:14 | NO OBJECTION |
| 34:15 – 36:5 | NO OBJECTION |
| 36:11 – 36:18 | NO OBJECTION |
| 36:19 – 36:22 | OBJECT TO FORM, IF ALLOWED ADD 37:18-23 AND 38:15-39:16 FOR COMPLETNESS |
| 37:13 – 37:17 | OBJECT TO FORM, IF ALLOWED ADD 37:18-23 AND 38:15-39:16 FOR COMPLETNESS |
| 41:6 – 42:11 | NO OBJECTION IF PLAINTIFF ADDS 40:24 – 41:5 FOR COMPLETENESS |
| 49:17 – 51:18 | NO OBJECTION |
| 58:13 – 63:13 | NO OBJECTION |
| 64:11 – 65:23 | OBJECT TO 65:4-24 (FORM AND FOUNDATION) |
| 67:3 – 73:11 | NO OBJECTION IF PLAINTIFF ADDS 73:12-74:4 FOR COMPLETNESS |
| 76:7 – 79:21 | NO OBJECTION |
| 79:22 – 81:10 | OBJECTION (FOUNDATION, RELEVANCE) IF ALLOWED ADD 82:19-84:2 AND *85:16-86:11* FOR COMPLETENESS |
| 97:8 – 99:10 | OBJECTION (FORM FOUNDATION, RELEVANCE, SEE MIL 14) |
| 100:5 – 100:12 | OBJECTION (RELEANCE, SEE MIL 14) |
| 102:4 – 107:19 | NO OBJECTION |

(D)     DEPOSITIONS WHICH MAY BE OFFERED BY DEFENDANTS:

The following designations may be offered at trial on behalf of the Defendants. Defendants'
offering of some or all of this testimony is dependent on the outcome of certain motions in
limine as well as the evidence and testimony which is allowed during Plaintiff's case in chief.
Defendants reserve the right to withdraw some, or all, of these designations at the time of trial.
Further, Defendants reserve the right to present these designations to the jury via videotaped
deposition.

| Witness: John Stimitz | |
|---|---|
| Page and line designations | Objection: |
| | |
| 9:13-22 | NO OBJECTION |
| 10:8 – 12:5 | NO OBJECTION |
| 12:21 – 14:21 | NO OBJECTION |
| 17:11 – 18:12 | NO OBJECTION |
| 93:6 – 94:6 | NO OBJECTION |
| 95:23 – 98:3 | NO OBJECTION if Defendants add 98:4-98:13 for context |
| 98:14 – 100:5 | NO OBJECTION |
| 276:19 – 280:7 | NO OBJECTION |
| 281:2 – 285:1 | NO OBJECTION |
| 288:8 – 16 | NO OBJECTION |
| 292:7 – 293:11 | NO OBJECTION |
| 323:14 – 326:6 | NO OBJECTION |
| 330:12 – 334:7 | NO OBJECTION |

| Witness: Heather Lawder | |
|---|---|
| Page and line designations | Objection: |
| | |
| 6:22 – 7:7 | NO OBJECTION |
| 7:19 – 24 | NO OBJECTION |
| 8:3 – 9:8 | NO OBJECTION |
| 9:16 – 20 | NO OBJECTION |
| 9:24 – 11:5 | NO OBJECTION |
| 14:2 – 5 | NO OBJECTION |
| 15:3 – 8 | NO OBJECTION |
| 16:6 - 18 | NO OBJECTION |
| 20:15 – 21:18 | NO OBJECTION |
| 23:6 – 24:10 | NO OBJECTION |
| 26:24 – 27:2 | NO OBJECTION if Defendants add 25:12-26:23 for context |
| 27:20 – 28:24 | OBJECTION (Relevance) |
| 33:21 – 23 | NO OBJECTION |
| 41:21 – 42:9 | OBJECTION (Relevance) |
| 45:10 – 17 | NO OBJECTION if Defendants add 45:18-46:16 for context |

| 46:17 – 47:25 | NO OBJECTION |
|---|---|
| 59:24 – 60:15 | NO OBJECTION |
| 61:14 – 17 | OBJECTION (Relevance) |
| 67:14 – 25 | NO OBJECTION if Defendants add 61:18-62:3 and 64:7-68:1 for context |
| 71:10 – 73:16 | NO OBJECTION |
| 87:18 – 24 | NO OBJECTION |
| 88:22 – 89:2 | NO OBJECTION if Defendants add 88:16-21 for context |
| 89:10 – 89:17 | NO OBJECTION if Defendants add 89:3-9 for context |
| 96:14 – 24 | OBJECTION (Relevance) |
| 103:6 – 14 | OBJECTION (Relevance) |
| 105:22 – 106:5 | OBJECTION (Relevance) |
| 112:1 – 17 | NO OBJECTION if Defendants add 112:18-113:3 for context |
| 113:4 – 115:22 | NO OBJECTION if Defendants add 115:23-1117:3 for context |
| 117:4 – 9 | NO OBJECTION if Defendants add 117:10-16 and 118:14-119:13 for context |
| 124:13 – 125:6 | NO OBJECTION |

| Witness:  Randy Light | |
|---|---|
| **Page and line designations** | **Objection:** |
| | |
| 7:4 – 8 | NO OBJECTION |
| 9:13 – 11:1 | NO OBJECTION |
| 11:7 – 23 | NO OBJECTION |
| 14:18 – 23 | NO OBJECTION |
| 20:7 – 15 | NO OBJECTION |
| 24:11 – 25:6 | NO OBJECTION |
| 25:11 – 15 | NO OBJECTION |
| 26:13 – 24 | NO OBJECTION |
| 27:7 – 16 | NO OBJECTION |
| 27:19 – 25 | NO OBJECTION |
| 61:22 – 62:2 | NO OBJECTION |
| 82:10 – 17 | NO OBJECTION |
| 84:16 – 25 | NO OBJECTION |
| 107:20 – 108:1 | NO OBJECTION |
| 110:12 – 19 | NO OBJECTION |
| 116:7 – 13 | OBJECTION (Relevance, Lack of Foundation) |
| 149:2 – 16 | NO OBJECTION |
| 149:21 – 22 | NO OBJECTION |
| 153:17 – 154:12 | NO OBJECTION |

| 154:18 – 155:5 | NO OBJECTION |
|---|---|
| 159:9 – 160:3 | OBJECTION (Revelance) |
| 161:11 – 25 | OBJECTION (Relevance) |
| 174:6 – 16 | NO OBJECTION |

| **Witness:  William Palmer** | |
|---|---|
| **Page and line designations** | **Objection:** |
| | |
| Volume I | |
| 6:16 – 19 | NO OBJECTION |
| 7:25 – 8:2 | NO OBJECTION |
| 8:24 – 9:5 | NO OBJECTION |
| 10:5 – 11:20 | NO OBJECTION |
| 22:12 – 27:22 | NO OBJECTION |
| 39:1 – 4 | NO OBJECTION |
| 50:9 – 16 | NO OBJECTION |
| 73:5 – 11 | NO OBJECTION |
| 100:25 – 101:8 | NO OBJECTION |
| 102:8 – 15 | NO OBJECTION |
| 105:14 – 20 | NO OBJECTION |
| 120:12 – 20 | NO OBJECTION |
| 124:15 – 22 | NO OBJECTION |
| 191:10 – 15 | NO OBJECTION |
| 209:15 – 25 | NO OBJECTION |
| 259:6 – 9 | NO OBJECTION if Defendants add 259:10-12 for context |
| 272:1 – 12 | OBJECTION (Relevance, lack of foundation, improper opinion testimony) |
| 273:21 – 274:6 | OBJECTION (Relevance, lack of foundation, improper opinion testimony) |
| 348:16 – 19 | NO OBJECTION if Defendants add 348:20-23 for context |
| Volume II | |
| 27:1 - 17 | NO OBJECTION |
| 39:16 – 21 | NO OBJECTION |
| 54:6 – 14 | NO OBJECTION |
| 59:24 – 60:5 | NO OBJECTION |
| 100:6 – 16 | NO OBJECTION |
| 119:16 – 23 | NO OBJECTION |
| 135:15 – 136:1 | OBJECTION (Relevance) |
| 137:12 – 138:4 | NO OBJECTION |
| 155:22 – 156:20 | NO OBJECTION |
| 157:10 – 14 | NO OBJECTION if Defendants add 157:15-19 for context |

| 160:15 – 161:1 | NO OBJECTION |
|---|---|
| 164:3 – 23 | OBJECTION (Relevance) |
| 167:9 – 15 | OBJECTION (Relevance, prejudice, improper opinion testimony) |
| 168:21 – 169:25 | NO OBJECTION if Defendants add 157:20-24 for context |
| 173:24 – 174:3 | NO OBJECTION |
| 177:2 – 16 | OBJECTION (Relevance) |
| | |

| **Witness: Jeffrey Dills** | |
|---|---|
| **Page and line designations** | **Objection:** |
| | |
| 46:5 -47:17 | NO OBJECTION |
| 46:5 -47:17 | NO OBJECTION |
| 70:14 – 16 | NO OBJECTION |
| 71:19 – 21 | NO OBJECTION |
| 72:14 – 18 | NO OBJECTION |
| 72:23 – 73:5 | NO OBJECTION if Defendants add 73:6-13 for context |
| 73:14 – 75:7 | NO OBJECTION |
| 76:14 – 79:24 | NO OBJECTION |
| 90:25 – 92:4 | NO OBJECTION if Defendants add 92:5-19 for context |
| 98:22 – 99:23 | OBJECTION (Relevance, prejudice) |
| 158:14 – 164:9 | NO OBJECTION |

| **Witness: Bryan Whiffen** | |
|---|---|
| **Page and line designations** | **Objection:** |
| | |
| 6:21 – 7:14 | NO OBJECTION |
| 8:7 – 9:14 | NO OBJECTION |
| 24:23 – 25:14 | NO OBJECTION |
| 39:20 – 46:21 | NO OBJECTION |
| 48:3 – 19 | NO OBJECTION |
| 54:16 – 62:10 | NO OBJECTION if Defendants add 62:11-63:23 for context |
| 63:24 – 65:14 | NO OBJECTION |
| 70:17 – 71:11 | NO OBJECTION |
| 79:7 – 23 | NO OBJECTION |
| 115:2 – 12 | NO OBJECTION |
| 134:19 – 138:7 | NO OBJECTION if Defendants add 133:17-134:18 for context |

| 204:20 – 206:18 | NO OBJECTION |
|---|---|
| 216:24 – 218:18 | NO OBJECTION |

     (5)    Following is a schedule of all exhibits the parties plan to offer at trial, and the opposing parties' objections to same.

     (A)    **PLAINTIFF'S TRIAL EXHIBITS:**

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 1 | US Patent<br>KWIATEK 04051 - 04054 | - Irrelevant, hearsay, prejudicial.<br>-1925 capacitance patent deals with completely different technology than the flesh-detection electronic package technology |
| 2 | US Patent<br>BSF 08675 - 008678 | -1927 guard patent is completely irrelevant, constitutes hearsay, & prejudicial.<br>-BTS20R-1 guard that came with the subject saw complied with the UL987 guard design requirements at the time it was manufactured in 2006. |
| 3 | US Patent<br>BSF 008726 - 008731 | -1974 proximity sensing and automatic brake patent has no application even today. It's completely irrelevant, hearsay, and prejudicial. |
| 4 | Original UL 987 | -No objections, if plaintiff means 6th Edition, Aug. 1994, UL 987 standard in existence when the BTS20R-1 was designed/manufactured.<br>-Defts. reserve all other objections pending proper identification of the document. |
| 5 | ANSI Risk Assessment<br>BSF 000294 – 000320 | |
| 6 | Changes to UL 987<br>KWIATEK 07386 - 07402 | Revisions to the 6th Edition UL987 requirements (post-manufacture date) have no relevance in this case. *See* MIL#11. |
| 7 | Changes to UL 987<br>UL 01994 - 02072 | 7th Edition UL987 published Nov. 2007 is completely irrelevant here. *See* MIL#11 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 8 | "Avoiding Accidents on the Tablesaw" Peot Ex. 44 | An article constitutes clear hearsay related to unreliable/untrustworthy opinions of third-party; unfairly prejudicial. |
| 9 | ANSI B11-2008 General Safety Requirements | |
| 10 | UL Memo RE: NEISS Data UL 00194 - 00197 | Memo exchanged among the non-parties is hearsay, irrelevant, prejudicial. UL is not on trial. *See* MIL#1 |
| 11 | CPSC Letter to UL RE: Proposed Changes to UL 987 UL 04888 - 04889 UL Ex. 29 | Letter to UL representative from third-party is hearsay, irrelevant, prejudicial. UL is not on trial. *See* MIL#1. |
| 12 | CPSC Log Of Meeting Re: Table Saws BSF 000292 - 000293 UL Ex. 2 | PTI's (non-party) exchanges with the CPSC (non-party) are hearsay, irrelevant, prejudicial. Power tool industry is not on trial. *See* MIL#14. |
| 13 | CSPC Letter to UL UL 05708 - 05709 | *See* objections to #11 |
| 14 | UL Letter to CPSC UL 05701 - 05707 UL Ex. 30 | UL communications with the CPSC (between non-parties) are hearsay, completely irrelevant and prejudicial. UL is not on trial. *See* MIL#1. |
| 15 | CPSC Log of June 15, 2000 Meeting | hearsay, irrelevant, prejudicial<br><br>*See* MIL ##11, 14, 22 |
| 16 | PTI: Strategic Plan KWIATEK 39778 - 39779 | Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 17 | Handwritten Notes SAWSTOP 001052 - 001054 | Gass' handwritten notes re: Oct. 2000 meeting at Ryobi contain inadmissible third-party's hearsay statements. Defts. admit knowledge of the |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
|  | Peot Ex. 45 | SawStop technology in 2000 in their answer. |
| 18 | Ryobi - Pickens Analytical Engineering Department Request Re: SawStop Table Saw Device<br>OWT 001718 - 001728<br>Whelchel Ex. 66 |  |
| 19 | PTI Minutes of SawStop Meeting<br>OWT 000318 - 000320<br>Peot Ex. 2 | hearsay, irrelevant, prejudicial<br><br>-Defts. admit knowledge of the SawStop technology. *See also* MIL#24 |
| 20 | PTI Meeting Minutes<br>OWT 001715 - 001717 | Duplicate of #19. Same objections as to #19. |
| 21 | E-mail from Dave Fanning to Robert Bugos re: SawStop<br>SAWSTOP 001035 - 001047<br>Bugos Ex. 46 | Hearsay<br><br>Defts. admit that at some point One World/Ryobi entered into licensing discussions with SawStop, but for various reasons no agreement could be reached; thus, withdrawing the issue of licensing negotiations from dispute/evidence. |
| 22 | Handwritten Notes<br>SAWSTOP 001029 - 001030<br>Bugos Ex. 48 | *See* objections to #21 |
| 23 | Memo from Robert Bugos to David Fanning Re: Patent License Terms<br>OWT 001540 - 001542<br>Peot Ex. 5<br>Bugos Ex. 49 | *See* objections to #21 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 24 | E-mail Re: Table Saw Drawings and CAD Files<br>OWT 000245 - 000246<br>Peot Ex. 29 | Hearsay, irrelevant, prejudicial<br><br>*See* objections to #21 |
| 25 | Letter from SawStop to Ryobi RE: SawStop Technology<br>OWT 003133 - 003134 | *See* objections to #21 |
| 26 | Memo from Robert Bugos to David Fanning Re: License Agreement<br>OWT 003135 – 003136 | *See* objections to #21 |
| 27 | Drawings: Table Saw Concept<br>OWT 000249 - 000263 | - irrelevant, prejudicial.<br>- the SST concept drawings are not for the lightweight benchtop table saw like the BTS20R-1 |
| 28 | Letter from SawStop to Ryobi RE: SawStop Technology<br>OWT 003137 - 003138 | *See* objections to #21 |
| 29 | Letter from SawStop to Ryobi RE: SawStop Technology<br>OWT 003142 – 003143 | *See* objections to #21 |
| 30 | Ryobi Memo Re: Product Safety Review<br>OWT 014794 - 014795<br>Whelchel Ex. 68 | |

| Exhibit | Description<br><br>Bates Range | Objection |
|---------|-------------|-----------|
| 31 | Memo from Robert Bugos to David Fanning RE: SawStop Invention<br>OWT 003144<br>Peot Ex. 7<br>Welchel Ex. 64 | *See* objections to #21 |
| 32 | Ryobi Memo Re: Product Safety Review<br>OWT 014797<br>Whelchel Ex. 69 | |
| 33 | Memo from Robert Bugo to David Fanning RE: SawStop Invention<br>OWT 003145 – 003146 | *See* objections to #21 |
| 34 | Memo from Robert Bugos to David Fanning<br>SAWSTOP 001002 - 001006<br>Bugos Ex. 51 | *See* objections to #21 |
| 35 | Letter from David Fanning to Robert Bugos RE: Sawstop<br>OWT 003152 - 003154 | *See* objections to #21 |
| 36 | Memo from Robert Bugos to David Fanning Re: Potential License Agreement<br>OWT 003155 - 003156<br>Bugos Ex. 52 | *See* objections to #21 |
| 37 | Letter from David Fanning to Robert Bugos RE: Sawstop<br>OWT 003157 - 003158 | *See* objections to #21 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 38 | Memo from Robert Bugos to David Fanning Re: License Agreement<br>OWT 003159 - 003160<br>Peot Ex. 6 | *See* objections to #21 |
| 39 | Memo from CPSC RE: Evaluation of Prototype Tablesaw Safety Device<br>BSF 000148 - 000154 | CPSC testing of the SawStop cabinet saw prototype is irrelevant; memo constitutes hearsay statement of third-party not subject to cross-examination; CPSC conclusions re: feasibility of the SST are irrelevant to the feasibility of the SST technology on a lightweight benchtop table saw like the BTS20R-1 will lead to confusion of the issues, and undue prejudice due to the weight that might be given by the jury to the CPSC' findings/opinions. |
| 40 | Memo from Robert Bugos to David Fanning RE: License Agreement<br>OWT 003163 - 003165 | *See* objections to #21 |
| 41 | PTI Minutes of Annual Meeting<br>KWIATEK 667727 - 667734<br>Bugos Ex. 55 | -hearsay, irrelevant, prejudicial<br><br>-prepared by an unknown third- party not subject to cross-examination; *See* MIL#24<br>-object to the "redacted" stamp |
| 42 | PTI Minutes of Annual Meeting<br>KWIATEK 40018 - 40033<br>Peot Ex. 30 | -duplicative of Exhibit #41.<br><br>*See* objections to #41. |
| 43 | E-mail chain between Dave Peot, Jeff Dils and Dennis Pinkleton re: PTI Meeting & SawStop<br>OWT 004042 - 004044<br>Peot Ex. 9 | irrelevant, cumulative, prejudicial |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| | Dils Ex. 176 | |
| 44 | Draft Agreement between SawStop and Ryobi<br>OWT 003007 - 003037 | *See* objections to #21 |
| 45 | Memo from Robert Bugos to Stephen Gass RE: SawStop License<br>OWT 003166 - 003167 | *See* objections to #21 |
| 46 | E-mail from Robert Bugos to Stephen Gass RE: Contract<br>OWT 003168 - 003169 | *See* objections to #21 |
| 47 | Letter from CPSC to UL RE: SawStop Evaluation Memo<br>OWT 004124 - 004137 | hearsay, irrelevant, prejudicial<br><br>*See* MIL ##1, 14 |
| 48 | PTI Meeting Report of UL 987 Ad Hoc Working Group<br>OWT 004002 - 004005<br>Peot Ex. 10 | -hearsay, irrelevant, prejudicial<br>-prepared by an unknown third- party not subject to cross-examination; *See* MIL ## 1, 14, 22, 24 |
| 49 | UL Minutes of November 29, 2001 UL Ad Hoc Meeting<br>BOSCH 013826 - 013832<br>UL Ex. 31 | *See* objections to #48 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---------|-------------|-----------|
| **50** | Letter from Robert Bugos to Stephn Gass Re: License Agreement<br>SAWSTOP 000713 - 000743<br>Bugos Ex. 53 | *See* objections to #21 |
| **51** | E-mail from Stephen Gass to Robert Bugos Re: Agreement<br>SAWSTOP 002056 - 002060<br>Bugos Ex. 54 | hearsay, irrelevant, prejudicial<br><br>*See* objections to #21 |
| **52** | SawStop Feasibility Introduction Memo<br>OWT 000186<br>Peot Ex. 4 | hearsay, irrelevant, prejudicial |
| **53** | Memo from Weldon Clark to William Buck Re: SawStop Questions<br>OWT 000177<br>Peot Ex. 33 | |
| **54** | E-mail from William Buck Re: SawStop Questions<br>OWT 001546 - 001550<br>Buck Ex. 96 | hearsay, irrelevant, prejudicial |
| **55** | PTI Corrected Minutes of November 29, 2001 UL Ad Hoc Committee<br>KWIATEK 40960 - 40963<br>UL Ex. 10 | *See* objections to #48 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 56 | UL Report of Meeting<br>KWIATEK 066985 -<br>066987 | - hearsay, irrelevant, prejudicial<br>-prepared by an unknown third- party not subject to cross-examination; *See* MIL ## 1, 14, 22, 24<br><br>Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 57 | PTI: 2002 Annual<br>Report of the Public<br>Relations & Safety<br>Committee<br>KWIATEK 43390 -<br>43394<br>Peot Ex. 35 | - hearsay, irrelevant, prejudicial<br><br>-prepared by an unknown third- party not subject to cross-examination; *See* MIL#24 |
| 58 | PLCC Annual Report<br>KWIATEK 043387 -<br>043389 | -report prepared by a third-party (UL) is hearsay, on a myriad of collateral issues is irrelevant and prejudicial. |
| 59 | STP Meeting Minutes<br>KWIATEK 41953 -<br>41968 | hearsay, irrelevant, prejudicial<br><br>Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 60 | E-mail chain between<br>Phil Minalga &<br>William Buck Re:<br>SawStop Demo<br>OWT 000032<br>Buck Ex. 80 | hearsay, irrelevant, prejudicial |
| 61 | SawStop Alternative<br>Braking Scheme<br>OWT 000035<br>Buck Ex. 81 | hearsay, irrelevant, prejudicial |

| Exhibit | Description<br><br>Bates Range | Objection |
|---------|---------------------------------|-----------|
| 62 | Controlled Velocity Method for SawStop Braking<br>OWT 000034<br>Buck Ex. 82 | hearsay, irrelevant, prejudicial |
| 63 | CSPC Report<br>BSF 000333 - 000355 | hearsay, irrelevant to Plt.'s claims/theories, unfairly prejudicial. *See* MIL#1. |
| 64 | CPSC Memorannum RE: Injuries Associated with Stationary Power Saws, 2001<br>BSF 000333 - 000355 | *See* objections to #63 |
| 65 | Presentation by David Peot RE: Table Saw Guarding<br>OWT 005976 - 005992 | |
| 66 | Ryobi Presentation to PTI Joint Research Committee<br>OWT 006010 - 006011<br>Peot Ex. 38 | |
| 67 | CPSC Hazard Screening Report<br>BSF 000258 - 000277 | hearsay, irrelevant to Plt.'s claims/theories, unfairly prejudicial. *See* MIL#1. |
| 68 | Conference Call Summary: Table Saw Guarding Improvement Committee<br>OWT 004324<br>Peot Ex. 39 | - irrelevant, prejudicial.<br>-Defts' admit feasibility of a new guard design, thus withdrawing the issue from evidence. *See* MILs ## 21, 22 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 69 | PTI: Summary of Joint Venture Conference Call<br>BOSCH-JV 001917 - 001925 | hearsay, irrelevant, prejudicial<br>*See* MIL# 14 |
| 70 | E-mail from Dave Peot RE: Ul 745 STP Vote on 987<br>MAKITA 008608 - 008610<br>Peot Ex. 17 | communications re: subsequent changes to the UL987 standards are irrelevant, prejudicial. *See* MIL# 11 |
| 71 | PTI Bulletin: Final Version of MRD<br>BOSCH-JV 000067 - 000072 | joint venture efforts are hearsay, irrelevant, and prejudicial. *See* MIL #11 |
| 72 | PTI Severe Injury Avoidance System MRD<br>KWIATEK 09048 - 09052 | same as Exhibit #73. *See* objections to #73 |
| 73 | PTI PLCC Meeting<br>BOSCH PTI 000020 - 000023 | -hearsay, irrelevant, prejudicial<br>*See* MIL#14,<br>-object to "redacted" stamp |
| 74 | PTI Bulletin Re: Table Saw Accident Review<br>OWT 006049 - 006063<br>Buck Ex. 102 | hearsay, irrelevant, prejudicial<br>*See* MILs ## 14 and 22 |
| 75 | E-mail from Susan Young to Dave Peot re: Joint Venture Phase III<br>KWIATEK 08097 - 08100<br>Peot Ex. 40 | hearsay, irrelevant, prejudicial; *See* MIL#14 |

| Exhibit | Description Bates Range | Objection |
|---|---|---|
| 76 | U.S. Patent (Peot) BSF 009456 - 009472 Buck Ex. 99 | hearsay, irrelevant, prejudicial; *See* MIL#15. |
| 77 | Sales Receipt | WITHDRAWN |
| 78 | PTI: Minutes of Joint Research Committee Meeting BOSCH-JV 000310 - 000318 | hearsay, irrelevant, prejudicial *See* MIL #24 |
| 79 | E-mail from D2M to PTI RE: Data Analysis Notes BOSCH-JV 002145 - 002155 | Out of court communications among third-parties are hearsay, not subject to cross-examination, irrelevant and unfairly prejudicial. |
| 80 | Operative Reports of Brandon Stollings | lack of foundation, hearsay |
| 81 | PTI Bulletin RE: NEISS KWIATEK 42422 | hearsay, irrelevant, prejudicial. *See* MIL#1  Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 82 | PTI Presentation to CPSC KWIATEK 09056 - 09075 Whiffen Ex. 110 Whiffen Ex. 118 | hearsay, irrelevant, prejudicial *See* MIL# 14. |
| 83 | CPSC Log of October 28, 2005 Meeting BSF 000251 - 000252 | hearsay, irrelevant, prejudicial |
| 84 | E-mail from William | hearsay, irrelevant, prejudicial. |

| Exhibit | Description Bates Range | Objection |
|---|---|---|
| | Buck Re: Table Saw Guard Features & Benefits Presentation OWT 019179 - 019199 Tennant Ex. 179 | Defts. admit technological feasibility of a new guard, thus withdrawing the issue from evidence. Fed. R. Evid. 407 - evidence of the subsequent measures is not admissible. *See* MIL# 22 |
| 85 | Job Site Report OWT 002140 Peot Ex. 41 | *See* objections to #84 |
| 86 | E-mail from William Buck Re: William's Focus Group Notes OWT 019089 - 019093 Tennant Ex. 182 | *See* objections to #84 |
| 87 | PTI Focus Groups Analysis and Findings BOSCH-JV 000168 - 000228 Tennant Ex. 122 | *See* objections to #84 |
| 88 | PTI Letter to CPSC KWIATEK 09053 - 09055 Whelchel Ex. 74 | Out-of-court communications between non-parties are hearsay, irrelevant, and prejudicial. *See also* MILs ## 14 and 22 |
| 89 | PTI: Summary of Joint Venture Conference Call KWIATEK 09190 - 09191 | Summary by an unknown person of communications among non-parties is hearsay, irrelevant and unfairly prejudicial. Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 90 | PTI Focus Groups Analysis and Findings OWT 004484 - 04555 | hearsay, irrelevant, prejudicial, Fed. R. Evid. 407 *See* MIL# 14 |
| 91 | PTI Focus Group BOSCH-JV-TSMG 000096 - 000166 | same Exhibit as #90 *See* objections to #90 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 92 | Letter from PTI to CPSC re: Table Saw Guarding<br>OWT 009582 - 009616 | Out-of-court communications between non-parties are hearsay, irrelevant, and prejudicial. *See also* MILs ## 14 and 22 |
| 93 | CPSC Briefing Package<br>BOSCH-CPSC 000408 - 000500 | -irrelevant, hearsay, prejudicial<br>*See* MILs ##1, 14 and 22 |
| 94 | E-mail chain between Dave Peot, Terrell Campbell & Bryan Whiffen re: Conference Call Agenda and Status Report<br>OWT 009407 - 009408<br>Peot Ex. 42 | Joint Venture efforts/costs are irrelevant and prejudicial. *See* MIL# 14 |
| 95 | PTI Letter to CPSC | Out-of-court communications between non-parties are irrelevant, hearsay and prejudicial, Fed. R. Evid. 407. *See* MIL#14 |
| 96 | UL Internal Draft Memo from John Stimitz re: Significant Interpretation<br>OWT 004384 - 004388 | hearsay, irrelevant, prejudicial<br><br>*See* MILs ##11 |
| 97 | UL Internal Draft Memo from John Stimitz re: Significant Interpretation<br>OWT 018243 - 018256 | hearsay, irrelevant, prejudicial<br><br>*See* MILs ##11, 14, and 22 |
| 98 | E-mail from Scott Tennant RE: BTS21 Prices Analysis<br>OWT 017874 - 017877 | pricing discussions re: BTS16 and BTS21 table saws are irrelevant, hearsay and prejudicial. |
| 99 | CPSC Log of December 14, 2006 Meeting<br>BSF 001304 - 001307 | log of a meeting among UL and CPSC representatives is hearsay, irrelevant and prejudicial. |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| | | |
| 100 | PTI Minutes of Joint Venture Committee Meeting<br>OWT 009353 - 009363<br>Hickok Ex. 164 | Joint Venture efforts are hearsay, irrelevant and prejudicial<br><br>*See* MILs ##24 and 14 |
| 101 | CPSC Log Of Meeting Re: Table Saws<br>BSF 001318 - 001320<br>Bugos Ex 63 | non-party meetings/statements are hearsay, irrelevant, and prejudicial<br><br>*See* MIL #14 |
| 102 | CPSC Log of May 8, 2007 Meeting<br>BSF 0001318 - 0001320 | same as Exhibit #101<br><br>*See* objections to #101 |
| 103 | CSPC Comments to UL 987<br>MAKITA 003715 - 003718 | neither UL nor CPSC are parties to this litigation and any communications between the two entities are hearsay, completely irrelevant to this case and its issues, and prejudicial. |
| 104 | E-mail chain Re: PTI JV Phase 6 and SS Testing Results<br>KWIATEK 0683974 - 0673977<br>Hickok Ex. 171 | hearsay, irrelevant, prejudicial<br><br>- any post-2006 testing of the SST is irrelevant. *See* MIL #14 |
| 105 | PTI Conference Call Summary of Joint Venture Committee<br>OWT 016178 - 016182<br>Hickok Ex. 167 | Summary by an unknown person of communications among non-parties regarding Joint Venture efforts is hearsay, irrelevant and unfairly prejudicial. *See* MIL #14 |
| 106 | NEISS Coding Manual | irrelevant. *See* MIL #1 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 107 | CPSC Table Saw Safety Update BOSCH 018199 - 018233 | hearsay, irrelevant, prejudicial |
| 108 | Expert Report of Dr. Stephen Gass including all videos and documents referenced therein | Cumulative, hearsay. *See also* MIL ##6-8, 13, 25 |
| 109 | Expert Report of Darry Robert Holt including all documents and videos referenced therein | Cumulative, hearsay. *See also* MIL ##3, 10, 30<br><br>Defts. are unable to identify all documents and videos referenced in Holt's expert report as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 110 | Expert Report of Kelly Mehler including all documents and videos referenced therein | Cumulative, hearsay. *See also* MIL #7<br><br>Defts. are unable to identify all documents and videos referenced in Holt's expert report as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 111 | Expert Report of Dr. John Graham including all documents and videos referenced therein | Cumulative, hearsay. *See also* MIL #5, 25<br><br>Defts. are unable to identify all documents and videos referenced in Holt's expert report as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 112 | Peter Domeny's list of trial testimonies since 1/1/2005 Domeny Exp. Ex. 2 | irrelevant, prejudicial. |

| Exhibit | Description Bates Range | Objection |
|---|---|---|
| 113 | Supplemental Expert Report of Dr. Stephen Gass including all documents and videos referenced therein | Failure to produce in discovery. Defts. never received Gass' supplemental report and/or any documents or videos referenced in the report. |
| 114 | SawStop Presentation to CPSC SAWSTOP 004178 - 004190 | hearsay, irrelevant, prejudicial *See also* MIL#6 |
| 115 | Expert Report of Peter Domeny Domeny Exp. Ex. 1 | |
| 116 | Supplemental Expert Report of Peter Domeny | |
| 117 | SawStop Demo Video OWT 016942 | |
| 118 | E-mail from Tom Clinkscales RE: SawStop Product OWT 014931 Hill Ex. 134 | hearsay, irrelevant, prejudicial *See* MIL #9 |
| 119 | CPSC: Table Saw Safety Updated BOSCH 018199 - 018233 | Duplicative of Exhibit 107 *See* objections to #107 |
| 120 | PTI Summary of Joint Venture Conference Call OWT 007876 - 007887 Hickok Ex. 162 | hearsay, irrelevant, prejudicial *See* MIL ##14 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| | | |
| 121 | Table Saw Related Injuries and Fatalities<br>BOSCH 016179 - 016180 | hearsay, irrelevant, prejudicial, untrustworthy.<br><br>*See* MIL #1 |
| 122 | PTI Joint Venture Committee Conference Call Summary<br>OWT 007907 - 007914<br>Hickok Ex. 163 | *See* objections to MIL# 120 |
| 123 | Video of Brandon Stollings' Saw Demonstration | |
| 124 | E-mail from William Buck RE: Revised Tablesaw Guard Guidelines<br>OWT 019028 - 019031<br>Tennant Ex. 187 | hearsay, irrelevant, prejudicial<br>*See also* MIL# 11, 22 |
| 125 | Videos of Rib Testing on SawStop Saw done by Darry Robert Holt | irrelevant, cumulative, prejudicial<br><br>Defts. are unable to identify this exhibit as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 126 | Videos of Hotdog Testing on SawStop Saw done by Darry Robert Holt | irrelevant, cumulative, prejudicial<br><br>Defts. are unable to identify this exhibit as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 127 | BOSCH Videos RE: PTI JV SawStop Testing Videos 2008 | |

| Exhibit | Description<br><br>Bates Range | Objection |
|---------|-------------|-----------|
| **128** | Outline re: SawStop Issues<br>OWT 000215 - 000216<br>Peot Ex. 13 | |
| **129** | Risk Assessment: Standard Spliter Mounted Hood Guard with Integrated Kickback Pawls<br>OWT 002501 - 002502<br>Peot Ex. 22 | |
| **130** | Handwritten Notes<br>OWT 002722<br>Peot Ex. 37 | hearsay, irrelevant |
| **131** | Ryobi Table Saw Sales<br>Hill Ex. 142 | irrelevant and prejudicial as to all types of table saws sales numbers. |
| **132** | Testing Results<br>OWT 016732 - 016740<br>Hickok Ex. 160 | hearsay, irrelevant, prejudicial<br>*See* MIL #14 |
| **133** | Testing Results<br>OWT 016752 - 016756<br>Hickok Ex. 161 | *See* objections to #132 |
| **134** | Testing Photos<br>BOSCH 013466 - 013494<br>Hickok Ex. 172 | *See* objections to #132 |
| **135** | Handwritten Notes<br>Home Depot 000817 - 000820<br>Dils Ex. 178 | hearsay, irrelevant, prejudicial |
| **136** | NEISS System Changes<br>OWT 004818 - 004858 | *See* MIL#1 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---------|-------------|-----------|
| **137** | PTI Table Saw Blade Guarding Subcommittee<br>OWT 005223 - 005261 | hearsay, irrelevant, unduly prejudicial.<br>*See* MIL ## 14 and 22 |
| **138** | Draft Agreement between SawStop and Ryobi<br>OWT 003075 - 003103 | Defts. admit that at some point One World/Ryobi entered into licensing discussions with SawStop, but for various reasons no agreement could be reached; thus, withdrawing the issue of licensing negotiations from dispute/evidence. *See* MIL#21 |
| **139** | Draft Agreement between SawStop and Ryobi<br>OWT 003104 - 003129 | same as Exhibit #138.<br>*See* objections to # 138 |
| **140** | Draft Agreement between SawStop and Ryobi<br>OWT 003038 - 003074 | *See* objections to # 138 |
| **141** | Draft Agreement between SawStop and Ryobi<br>OWT 002976 - 003006 | *See* objections to # 138 |
| **142** | Ryobi Table Saw | If plaintiff means subject BTS20R-1 benchtop table saw used by Mr. Stollings, defendants have no objection. Defts. reserve all other objections, pending proper identification of the exhibit #142 |
| **143** | Stollings Work Piece | |
| **144** | Stollings Blade Guard | |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 145 | Finger Save Reports<br>SAWSTOP 000001 - 000312<br>SAWSTOP 002306 - 002383<br>SAWSTOP 002497 - 002623<br>SAWSTOP 002818 - 002890<br>SAWSTOP 003118 - 003508<br>SAWSTOP 004205 - 004256<br>SAWSTOP 005000 - 006424 | hearsay, irrelevant, unfairly prejudicial, confusion of the issues, undue delay.<br><br>*See* MIL #6 |
| 146 | Test Results<br>BOSCH 016762 - 016764 | hearsay, irrelevant, prejudicial |
| 147 | Test Results<br>BOSCH 018164 | *See* objections to #146 |
| 148 | Test Results<br>BOSCH 018167 - 018168<br>Domeny Exp. Ex. 3 | |
| 149 | Reported Use of Guard for Through Cut<br>SAWSTOP 004191 - 004204 | hearsay, irrelevant, prejudicial |
| 150 | SawStop Confidential Documents and Videos Produced on 12/15/2009<br>SAWSTOP 1 - 23 | Finger Save Recounts are hearsay, completely irrelevant and unfairly prejudicial.<br>*See* also MIL #6.<br>Defts. are not able to identify the videos and reserve all other objections pending proper identification, production/review of the video. |
| 151 | SawStop Cabinet Saw | |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 152 | SawStop Contractor Saw | manufactured in 2008, it weighs just under 300 lbs. and can cost over $2000. Has no relevance to the issue of whether the SST was a reasonable alternative design for the BTS20R-1table saw in August of 2006.<br>*See also* MIL #5 |
| 153 | SawStop Riving Knife | irrelevant, prejudicial, F.R. Evid. 407<br>*See also* MIL #11 |
| 154 | 1981 Unisaw Guard | irrelevant, prejudicial |
| 155 | SawStop Brake Mechanism that has engaged the blade | irrelevant, prejudicial |
| 156 | Videos, notes, tests, data and still photos of simulation of kickback done by Darry Robert Holt | irrelevant, cumulative prejudicial.<br><br>*See* MIL #3<br><br>Defts. are unable to identify this exhibit as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 157 | PTI Safety Presentation Video<br>OWT 005924 | |
| 158 | One World Technologies Saw Videos<br>OWT 009723 - 009725 | |
| 159 | Defendants' Injury Reports<br>OWT 015478 - 015593 | hearsay, irrelevant, unfairly prejudicial.<br><br>*See* MIL # 23 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 160 | Severe Injury Avoidance System BOSCH 016279 - 016325 | hearsay, irrelevant |
| 161 | Handwritten Notes OWT 002296 - 002299 Peot Ex. 36 | irrelevant, unfairly prejudicial<br><br>*See* MIL ##14, 22 |
| 162 | Photographs of Brandon Stollings's Injuries | |
| 163 | Plaintiff Brandon Stollings's Medical Bills | lack of foundation, cumulative, hearsay, unfairly prejudicial |
| 164 | One World Technologies' Survey Results OWT 019212 - 019211 | Hearsay, irrelavant, prejudicial<br><br>*See* MIL #22 |
| 165 | Safety Improvements OWT 002727 Peot Ex. 25 | hearsay, irrelevant, prejudicial<br><br>*See* MIL ## 11, 14, 22 |
| 166 | Handwritten Notes OWT 002104 Peot Ex. 15 | hearsay, irrelevant, prejudicial<br><br>*See* MIL ## 11, 14, 22 |
| 167 | Woodworker's Central Accident Survey Reports OWT 002870 - 002965 Buck Ex. 75 | hearsay, irrelevant, prejudicial<br><br>*See* MIL #23 |
| 168 | Test Results OWT 016741 - 016751 | Irrelevant, post-remedial measures |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 169 | Test Results<br>OWT 016757 - 016765 | *See* objections to #168 |
| 170 | JV Color Photo Comparison of Guards<br>BOSCH-JV-TSMG 001035 -001053 | irrelevant, prejudicial, F.R.Evid. 407<br>*See* MIL ## 14, 22 |
| 171 | D2M Project Status Report<br>BOSCH 016347 - 016350 | hearsay, irrelevant, prejudicial<br><br>*See* MIL # 14 |
| 172 | PTI Document<br>KWIATEK 669858 - 669863 | hearsay, irrelevant, prejudicial<br>*See* MIL # 14<br><br>Defts. are unable to identify this exhibit as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 173 | Subject Saw Rip Fence | |
| 174 | Ryobi BTS 20R-1 Operator's Manual | |
| 175 | Test Results<br>BOSCH 018165 | hearsay, irrelevant, prejudicial<br><br>*See* MIL #14 |
| 176 | All European Standards for Table Saw<br>BSF000356-000720 | irrelevant, hearsay, prejudicial. |
| 177 | Unused SawStop Brake Cartridge | irrelevant, prejudicial<br>*See* MIL #4 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| **178** | Plaintiff Brandon Stollings's Medical Records | |
| **179** | Plaintiff Brandon Stollings's Responses to Defendants' Interrogatories | |
| **180** | Defendants' Answers to Brandon Stollings's Complaint | |
| **181** | PTI JV Videos 000001 - 000003 | |
| **182** | High Speed Video of Hand Speed Test done by Darry Robert Holt | irrelevant, prejudicial<br>*See* MIL #3<br><br>Defts. are unable to identify this exhibit as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| **183** | "The Measure of a Man" by Henry Dreyfus | hearsay, collateral, prejudicial<br><br>Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification of the exhibit |
| **184** | Email re: new guard prototype TTI-MON000728 - 000742 | hearsay, irrelevant, prejudicial<br><br>*See* MIL ## 11, 14, 22 |
| **185** | Email re: new guard prototype TTI-MON000743 - 000746 | *See* objections to #184 |
| **186** | Email re: new guard design TTI-MON000747 | *See* objections to #184 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| **187** | Email re: new guard design<br>TTI-MON000748 | *See* objections to #184 |
| **188** | Email re: new guard design<br>TTI-MON000749 - 000753 | *See* objections to #184 |
| **189** | Email re: new guard design<br>TTI-MON000754 - 000755 | *See* objections to #184 |
| **190** | Email re: new guard design<br>TTI-MON000756 - 000781 | communications re: TS2400 guard design concept are hearsay, irrelevant and prejudicial.<br><br>*See also* MIL ## 11, 22 |
| **191** | Email re: new guard design<br>TTI-MON000788 - 000793 | *See* objections to #190 |
| **192** | Email re: new guard design<br>TTI-MON000794 | *See* objections to #190 |
| **193** | Email re: new UL 987 compliance<br>TTI-MON001209 | hearsay, irrelevant, prejudicial<br><br>*See* MIL # 11, 22 |
| **194** | Email re: SawStop and purpose of joint ventures<br>TTI-MON001220 | hearsay, irrelevant, prejudicial |
| **195** | Email re: new guard design<br>TTI-MON001228 - 001235 | hearsay, irrelevant, prejudicial<br><br>*See* MIL #11, 22 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 196 | Email attaching development timeline for BTS12<br>TTI-MON016874 - 016876 | Project schedules for the BTS12S are irrelevant and prejudicial. Subject benchtop table saw is BTS20R-1<br><br>*See* MIL ## 11, 14 |
| 197 | Email re: new guard design on BTS10<br>TTI-MON017092 - 017093 | issues re: guard design for the BTS10 are irrelevant and prejudicial. Subject benchtop table saw is BTS20R-1;<br><br>*See* MIL ## 11, 14<br><br>Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 198 | Email re: new guard design on BTS10<br>TTI-MON017137 - 017140 | *See* objections to #197 |
| 199 | Email re: progress of developing new guard prototype<br>TTI-MON017664 | *See* objections to #197 |
| 200 | Email re: new guard prototype<br>TTI-MON017678 | *See* objections to #197 |
| 201 | Email re: costs of new guard prototype<br>TTI-MON017706 - 017721 | *See* objections to #197 |
| 202 | Email re: relative costs of BTS10 with new guard and BTS10 with old guard<br>TTI-MON017726 | *See* objections to #197 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| **203** | Email re: relative costs of BTS10 with new guard and BTS10 with old guard<br>TTI-MON017729 | *See* objections to #197 |
| **204** | Email re: development history of BTS10<br>TTI-MON018401 - 018403 | *See* objections to #197 |
| **205** | Email re: relative costs of BTS10 with new guard and BTS10 with old guard<br>TTI-MON018418 - 018419 | *See* objections to #197 |
| **206** | Email re: development schedule for new guard<br>TTI-MON018568 - 018569 | *See* objections to #197 |
| **207** | Email re: development schedule for new guard<br>TTI-MON018592 | *See* objections to #197 |
| **208** | Email re: new guard design<br>TTI-MON018757 - 018782 | Communications re: TS2400 guard design concept are hearsay, irrelevant and prejudicial.<br><br>*See also* MIL ## 11, 22 |
| **209** | Email re: estimated costs of new guard design<br>TTI-MON018892 | hearsay, irrelevant, prejudicial<br><br>*See* MIL #11, 22 |
| **210** | Email re: new switch design<br>TTI-MON018951 - 018954 | hearsay, irrelevant, prejudicial, Fed. R. Evid. 407 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| **211** | Email re: relative costs of saws with new guard and saws with old guard<br>TTI-MON019241 - 019242 | *See* objections to #210<br><br>*See* MIL ## 11, 22 |
| **212** | Email re: relative costs of saws with new guard and saws with old guard<br>TTI-MON019243 – 019244 | *See* objections to #211 |
| **213** | Email re: decision to not put new guard on BTS10 successor model<br>TTI-MON019498 - 019500 | The table saw used by Stollings' on the date of the incident was the BTS20R-1 model table saw. Thus, any documents related to the BTS10 series tables saw and their successors are irrelevant, confusing, prejudicial.<br><br>*See* objections to #211 |
| **214** | Email re: cost savings on BTS10 successor model<br>TTI-MON028839 | *See* objections to #213 |
| **215** | Email re: cost savings on BTS10 successor model<br>TTI-MON028840 - 028853 | Menu of features/cost of the future model BTS12XX has no relevance in this case, prejudicial |
| **216** | Email re: overhaul of all table saw models to meet new UL 987 standards<br>TTI-MON031323 | hearsay, irrelevant, prejudicial, Fed. R. Evid. 407<br><br>*See also* MIL ## 11, 22 |
| **217** | Email re: new guard design<br>TTI-MON036520 - 036521 | *See* objections to #216 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 218 | Email re: cost of new guard components TTI-MON036877 - 036879<br><br>Email re: development schedule for BTS12 TTI-MON002286 - 002287 | *See* objections to #216<br><br>Communications re: BTS12S project schedule are hearsay, irrelevant, prejudicial. |
| 219 | Email re: vendor compliance with new UL 987 standard TTI-MON024055 | hearsay, irrelevant, unfairly prejudicial<br><br>*See* MIL #11, 22 |
| 220 | Email re: vendor compliance with new UL 987 standard TTI-MON024056 - 024067 | *See* objections to #219 |
| 221 | Email re: UL inspection of new guard prototype TTI-MON025888 - 025889 | *See* objections to #219 |
| 222 | NPQ for BTS 20 OWT 015473-015477 | |
| 223 | Project Initialization Request for BTS20R OWT 015428 | |
| 224 | PEAC for BTS20 OWT 015429 – 015430 | |
| 225 | BTS20 Test Results OWT 015431 – 015435 | |
| 226 | UL Certification Report on BTS20 and BTS20R OWT 015436 | |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| | – 015472 | |
| 227 | Email re: checklist of changes required to be made for compliance with new UL 987 standard<br>TTI-MON023056 - 024066 | Irrelevant, post-remedial measures, prejudicial.<br><br>*See* MIL #11<br><br>Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 228 | Email re: BTS20R-1 packaging<br>TTI-MON17201-017207 | |
| 229 | Email re: whether shipment of old-style guard saws to the US will be permitted after the new UL 987 goes into effect<br>TTI-MON013929-013932 | Hearsay, irrelevant, prejudicial.<br><br>*See* MIL #11, 22<br><br>Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 230 | Email re: complying with changes UL 987 standard<br>TTI-MON000344-345 | Hearsay, irrelevant, prejudicial.<br><br>*See* MIL #11, 22<br><br>Defts. are unable to identify this exhibit as exchanged in discovery and reserve further objections pending proper identification, production/review of the exhibit |
| 231 | Email re: phasing out the BTS20R-1 line<br>TTI-MON017243-017245 | Defts. are unable to identify this exhibit as exchanged in discovery and reserve objections (if any) pending proper identification, production/review of the exhibit |
| 232 | E-mail attaching PEAC for BTS20 Successor model, BTS21<br>TTI-MON016940-016943 | Defts. are unable to identify this exhibit as exchanged in discovery and reserve objections (if any) pending proper identification, production/review of the exhibit |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 233 | SawStop Benchtop Table Saw Prototype | Cumulative, irrelevant, prejudicial. |
| 234 | Bosch Patents relating to development of portable Benchtop Table Saw incorporating the JV technology | Improper identification of exhibit. Defts. are unable to identify this exhibit by this description as exchanged in discovery and reserve further objections pending proper identification and production/review of the exhibit. |
| 235 | JV Agreements | WITHDRAWN |
| 236 | E-mail re: CATS status report and attachments TTI-INV 006103 | Hearsay and irrelevant. |
| 237 | E-mail re: Status July 28 (2).ppt and attachments TTI-INV 002008 | Hearsay and irrelevant. |
| 238 | Email re: we need a better name than SIAS TTI-INV 002338 - 002340 | *See* objections to #236 |
| 239 | E-mail re: Analytical Study file in Teamcenter TTI-INV 002513 – 002514 | *See* objections to #236 |
| 240 | E-mail re: 2010 Accomplishments TTI-INV 005949 | *See* objections to #236 |
| 241 | E-mail re: oracle Schedule TTI-INV 006138 – 6139 | *See* objections to #236 |
| 242 | E-mail re: Oracle Schedule TTI-INV 003119 | *See* objections to #236 |
| 243 | E-mail re: Thruster Connector Decision TTI-INV 003121 – 003122 | *See* objections to #236 |
| 244 | E-mail re: Thruster Connector Decision, plus attachment | *See* objections to #236 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| | TTI-INV 003128 - 003160 | |
| 245 | E-mail re: Thruster cost<br>TTI-INV 003535 – 003536 | *See* objections to #236 |
| 246 | E-mail re: Significant Events 2011 - May<br>TTI-INV 003632 - 003633 | *See* objections to #236 |
| 247 | E-mail re: Dutterer<br>TTI-INV 005968 | *See* objections to #236 |
| 248 | E-mail re: Significant Events 2011 – June<br>TTI_INV 004374 – 004375 | *See* objections to #236 |
| 249 | E-mail re: Asia Trip Report – Dutterer June 28 – July 8<br>TTI-INV 004385 - 004389 | *See* objections to #236 |
| 250 | E-mail re: Significant Events 2011 – July<br>TTI-INV 004394 – 004395 | *See* objections to #236 |
| 251 | E-mail re: Oracle quotation need to be sent before Aug 05<br>TTI-INV 006013 – 006015 | *See* objections to #236 |
| 252 | TTI Report Conclusions<br>TTI-INV 005885 | *See* objections to #236 |
| 253 | E-mail re: Significant Events 2011 – August<br>TTI-INV 004864 – 004865 | *See* objections to #236 |
| 254 | E-mail re: Significant Events 2011 – August, September<br>TTI-INV 005093 – 005095 | *See* objections to #236 |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| 255 | E-mail re: Significant Events 2011 – October, November<br>TTI-INV 005100 – 005101 | *See* objections to #236 |
| 256 | Oracle Testing Data<br>TTI-INV 005734 | *See* objections to #236 |
| 257 | JV Confidentiality Agreement<br>Kwiatek 43619-43647 | *See* objections to #236<br><br>Defts. are unable to identify this exhibit as exchanged in discovery,  and reserve further objections pending proper identification, production/review of the exhibit |
| 258 | Guarding JV Agreement<br>KWIATEK 09361-09371 | *See* objections to #236<br><br>Defts. are unable to identify this exhibit as exchanged in discovery,  and reserve further objections pending proper identification, production/review of the exhibit |
| 259 | Meeting Report of PTI Ad Hoc Working Group for Nov. 29, 2001, with attachments<br>KWIATEK – 39612 - 39655 | Hearsay, irrelevant, prejudicial.<br><br>Defts. are unable to identify this exhibit as exchanged in discovery,  and reserve further objections pending proper identification, production/review of the exhibit |
| 260 | E-mail between Stimitz and Defendants<br>UL 08111 – 08113 | irrelevant, post-remedial measures. |
| 261 | Videos of Defendants' testing of the JV technology as part of Project Oracle<br>TTI-INV 007049 | Defts. are unable to identify this exhibit as exchanged in discovery and reserve objections pending proper identification, production/review of the exhibit. |
| 262 | Gass presentations to CPSC | Irrelevant, prejudicial.<br><br>Improper identification. Defts. are unable to identify this exhibit as exchanged in discovery, and reserve further objections pending proper identification, production/review of the exhibit |
| 263 | PTI presentations to CPSC | |

| Exhibit | Description<br><br>Bates Range | Objection |
|---|---|---|
| | BSF000001-63;<br>BSF010022-27 | |
| 264 | CPSC Reports (1998 to Present) | Improper identification of documents. Defts. reserve further objections pending proper identification, production/review of documents.<br><br>Hearsay, irrelevant, unfairly prejudicial.<br>*See* MIL #1 |
| 265 | NEISS data<br>BSF000064-154<br>BSF000333-355<br>BSF010031-74 | Hearsay, irrelevant, unfairly prejudicial.<br>*See* MIL #1 |
| 266 | Investigation of alternative capacitive sensing methods<br>ONE WORLD TECHNOLOGIES 000033<br>Buck Exhibit 79 | |
| 267 | Photocopy of Photographs<br>ONE WORLD TECHNOLOGIES 006166-006167<br>Collins Exhibit 212 | |
| 268 | E-mail dated 8/8/2005<br>ONE WORLD TECHNOLOGIES 08111<br>Minalga Exhibit 217 | Hearsay, irrelevant, post-remedial measures. |
| 269 | Memorandum dated 12/6/2001, to working group of UL<br>Peot Exhibit 171 | Hearsay and irrelevant. |
| 270 | Memorandum dated 4/12/2002, to Working Group of UL<br>Peot Exhibit 214 | Hearsay and irrelevant. |
| 271 | BTS 20 Splitter – Modified to become riving knife | Relevance, post-remedial measures. |

| Exhibit | Description Bates Range | Objection |
|---|---|---|
| 272 | SawStop riving knife – Modified to fit BTS 20 | Improper identification. Defts. are unable to identify this exhibit as exchanged in discovery, and reserve objections pending proper identification, production/review of the exhibit |
| 273 | Ryobi BT 3000 table saw | Irrelevant, cumulative, prejudicial |
| 274 | Bosch 4000 table saw | Irrelevant, cumulative, prejudicial |
| 275 | Ryobi RTS 20 table saw | Irrelevant, cumulative, prejudicial |
| 276 | Ryobi BTS 21 table saw | Irrelevant, cumulative, prejudicial |
| 277 | Exemplar Work piece – with cut made | |
| 278 | Photographs of Bob Holt's inspection of the Ryobi prototype incorporating the JV technology | Lack of foundation, irrelevant, Rule 407, prejudicial |
| 279 | Video of Bob Holt's inspection of the Ryobi prototype incorporating the JV technology | Lack of foundation, irrelevant, Rule 407, prejudicial |
| 280 | PTI chart showing manufacturer-collected accident data (PTI01247-01274) | Irrelevant, hearsay, unfairly prejudicial |
| 281 | PTI presentation showing summaries of manufacturer-collected accident data (OWT005232-5261) | *See* objections to # 280 |
| 282 | 1974 Patent – 3,858,095 Friemann | Irrelevant, hearsay, prejudicial |
| 283 | 1977 Patent – 4,117,752 Yoneda | Irrelevant, hearsay, prejudicial |
| 284 | 8/24/1999 Patent – 5,942,975 | Irrelevant, hearsay, prejudicial |

| Exhibit | Description <br><br> Bates Range | Objection |
|---|---|---|
| 285 | Meeting Log UL – CPSC Meeting on June 15th, 2000 BSF 000242 | Hearsay, irrelevant |
| 286 | Report of Meeting of the IAC 2/7/2000 UL 01682 - 01723 | Hearsay, irrelevant |

**PLAINTIFF'S ALSO PLAN TO OFFER THE FOLLOWING AS DEMONSTRATIVE EVIDENCE AT TRIAL:**

1) Blow-ups of certain sections of the BTS20R user manual
   - Objection: subject manual should be for the BTS20R-1table saw; if that is the manual that plaintiff intends to use, than no objections.

2) Chart showing Ryobi saw revenue from the BTS20
   - Objection: See Defts' MIL## 17 and 19. Irrelevant, unfairly prejudicial.

3) Video demonstrations of SawStop by Stephen Gass
   - Objection: Cumulative

4) Video demonstration by Kelly Mehler of use of the saw as used by plaintiff.
   - Objection: Cumulative. Plaintiff himself demonstrated at his video deposition how he made the cut. Mehler's interpretation of it has no relevance and is not the best evidence available.

5) Timeline of events
   - Objection: Cumulative, unnecessary. Pending production of this exhibits, defendants reserve further objections.

6) Photos of Brandon Stollings' hand after the injury.
   - Objection: cumulative, prejudicial.

7) Blow up of two PTI submissions to CPSC concerning the old versus new guard (in color)
   - Objection: post-remedial measures; irrelevant. *See* MILs ## 11 and 22.

8) Image of a riving knife with the cost of a riving knife next to it
   - Objection: post-remedial measures; *See* MIL ##11

9)  A plug-in riving knife
   - o   Objection: relevance, prejudicial

10) Video Demonstration of how laminate clouds the blade guard
   - o   Objection: plaintiff's testimony is the best evidence, irrelevant, prejudicial

11) CGI demonstration of kickback
   - o   Objection: irrelevant, prejudicial

12) BTS 20 Splitter cut down to become a riving knife
   - o   Objection: irrelevant

13) SawStop Riving knife adjusted to fit a BTS 20
   - o   Objection: irrelevant, post-remedial measures. Pending review of this exhibits, defendants reserve any further objections.

14) Ryobi BT3000
   - o   Objection: not the subject saw; irrelevant; prejudicial

15) Bosch 4000
   - •   Objection: not the subject saw; irrelevant; prejudicial

16) Ryobi BTS21
   - o   Objection: not the subject saw; irrelevant; prejudicial

17) Ryobi RTS 20
   - o   Objection: not the subject saw; irrelevant; prejudicial

18) SawStop Prototype Benchtop
   - o   Objection: not substantially similar to the subject saw; not in existence at the time when the subject saw was manufactured;  irrelevant; prejudicial

19) SawStop Contractor Saw
   - o   Objection: not substantially similar to the subject saw; not in existence at the time when the subject saw was manufactured;  irrelevant; prejudicial

20) Video Demonstration of Kickback
   - o   Objection: cumulative, irrelevant; prejudicial

21) Video Demonstration of Kickback while using miter gauge
   - o   Objection: cumulative, irrelevant; prejudicial

(B)     **DEFENDANTS' TRIAL EXHIBITS**:

| Exhibit # | DESCRIPTION | Objection |
|---|---|---|
| 1 | Excerpt of UL 987 ISBN 1-55989-635-3 Stationary and Fixed Electric Tools, 6th Edition – UL 01374-1389, 01422-1424<br><br>Including blow-ups of the applicable 6th Edition (1994) UL987 standard for table saws; | |
| 2 | Excerpt of UL 987 ISBN 1-55989-635-3 Stationary and Fixed Electric Tools, 6th Edition with 2005 Revisions – UL 02535-2549; 02553-2555, 02609-2623 | |
| 3 | OSHA Regulation – 29 C.F.R. § 1910.213 – re: woodworking machinery requirements | |
| 4 | UL Report of BTS20, BTS20R, and BTS20R-1 – OWT 015436-015472<br><br>Including blow-ups of certain sections applicable to testing/certification | |
| 5 | Project Initiation Request for BTS20 | |
| 6 | Product Evaluation and Acceptance Criteria for the BTS20 | |
| 7 | New Product Qualification Procedure No. 47 applicable for the BTS20 series table saws OWT 015473-015477 | |
| 8 | Problem Summary Report and Project Log for the BTS20 model (OWT017424-017426) | |
| 9 | Product Safety Review – BTS20 Final Review – OWT017010-017011 | |
| 10 | Product Safety Minutes – Evaluate Mfg. Pilot of the BTS20 – OWT015431-015435 | |
| 11 | BTS20 Use Test Lab Final Analysis pursuant to PEAC – TTI0347-0348 | |

| | | |
|---|---|---|
| 12 | BTS20 Use Test Lab Details – TTI0253-0294 | |
| | BTS20 Repair Sheet | |
| 13 | Project Initialization Request for BTS20R OWT 015428 | |
| 14 | Product Evaluation and Acceptance Criteria for the BTS20R – OWT015429-015430 | |
| 15 | BTS20R Pre-Shipment Inspection Result Notice – OWT 015392 - 015393 | |
| 16 | BTS20R Repair Sheet – OWT 15370-015391 | |
| 17 | Project Initiation Request for BTS20R-1 | |
| 18 | Operator's Manual for the 10 in. BTS20R-1 – 6-28-06        REV:00) <br><br> Including blow-ups of warnings/sections of the manual applicable to the facts of the case; | |
| 19 | BTS20R-1 Repair Sheet | |
| 20 | SawStop Testing Performed by OWT – 11/06/2000 OWT 001718-28 | |
| 21 | SawStop Issues -10/29/2001 OWT006011-6012 | |
| 22 | SawStop Questions – 02/04/2002 OWT 001546-50 | |
| 23 | Stephen Gass' Approved Patents related to the Detection System for power equipment and Applications for Patents related to the Detection System for power equipment | |
| 24 | Presentation to PTI (power point) – 05/14/2003 OWT 005976-92 | |
| 25 | Presentation to PTI (summary) – 05/14/2003 OWT 006010-11 | |
| 26 | Exemplar BTS20R-1 table saw <br><br> Including blow-ups of warnings on the subject BTS20R-1 safety decals; | |

| | | |
|---|---|---|
| 27 | Exemplar Work Piece - 36″ long, 10″ wide, and 1/4″ thick laminate flooring board | |
| 28 | Bosch's SawStop Safety Evaluation BOSCH 004044-49 | |
| 29 | Guardian Test Report BOSCH 003768-79 and BOSCH 003295-3304 | |
| 30 | Joint Venture Phase 6 Testing Videos PTI JV Videos 000002 | |
| 31 | SawStop Evaluation Videos PTI JV Videos 000003 | |
| 32 | SawStop LLC's Owner's Manual – OWT 001775-001873<br><br>Including blow-ups of certain applicable sections; | |
| 33 | Customers' comments submitted to the CPSC in response to the ANPR | |
| 34 | Ryobi's Product Liability Claims and Incident Data – OWT 015478-015652, 019214 | |
| 35 | PTI's response to the CPSC's ANPR | |
| 36 | UL Roster of Participants involved in the approval process of UL987 (6th, 6th amended, 7th and 8th Editions) | |
| 37 | Ryobi's Table Saw Sales – same as plt's Exhibit 131 | |
| 38 | PTI Patents - 7804204 and 7628101 | |
| 39 | Alrington Laboratory Corporation Report by Daniel R. Judd, dated July 21, 2008 – SawStop Active Injury Prevention Technology Assessment | |
| 40 | Catalog pages for competitive table saws in 2006-2007 | |

Defendants reserve the right to use any of the exhibits listed by the plaintiff, including those to which the defendants have objected, but have been overruled by the Court. Defendants reserve the right to use any exhibits, including those not listed, for impeachment or rebuttal purposes.

**(C) DEFENDANTS' ALSO PLAN TO OFFER THE FOLLOWING AS DEMONSTRATIVE EVIDENCE AT TRIAL:**

1) Blow-ups of the applicable 6th Edition (1994) UL987 standard for table saws;

2) Roster of individuals who approved the 6th Edition; Amendment to the 6th Edition and the 7th and 8th Editions of UL987 standard for table saws;

3) Blow-ups of warnings on the subject BTS20R-1 portable table saw in the operator's manual and safety decals;

4) Demonstration video showing how the plaintiff's cut should have been done if Mr. Stollings followed the proper safety instructions and requirements;

5) Demonstration video showing how to assemble and install the guard assembly of the subject BTS20R-1 portable table saw;

6) Blow-ups of the sections of the SawStop's Owner's Manual;

7) Blow-ups of the sections of the CPSC's 2011 report;

8) The catalog pages for competitive table saws in 2006-2007.

Defendants reserve the right to use any of the exhibits listed by the plaintiff, including those to which the defendants have objected, but have been overruled by the Court. Defendants reserve the right to use any exhibits, including those not listed, for impeachment or rebuttal purposes.

5.    The parties agree to show each other exhibits that are solely demonstrative exhibits before using them and allow the other party to state any objections that they may have.

6.    Following is plaintiff's itemization of damages and other relief sought:

As a result of his May 9th, 2007 accident:

a.    Plaintiff incurred over $100,000.00 in medical bills
b.    Loss of wages
c.    Lost future earnings due to diminished work capacity
d.    Recovery for pain and suffering

7.    The parties have attempted to settle this case and were unable to reach a resolution.

8.    This is a jury trial; therefore the parties do not include proposed findings of fact and conclusions of law.

9.      Jury Instructions follow (Exhibit A), agreed first, then plaintiff's unagreed instructions with the objection(s) stated, and then defendants' unagreed instructions with the objection(s) stated, and verdict forms and special interrogatories, if any.

10.     Each party's proposed voir dire questions follow (Exhibit B) the jury instructions.

_____
The Honorable Gary Feinerman
United States District Court

Date: _____

| *For Plaintiff:* | *For Defendants:* |
|---|---|
| */s/ George F. Carpinello* | */s/ John W. Bell* |
| George F. Carpinello<br>(*admitted pro hac vice*)<br>**Boies, Schiller & Flexner LLP**<br>10 North Pearl Street, 4th Floor<br>Albany, NY  12207<br>Telephone:  (518) 434-0600 | John W. Bell<br>Robert R. McNamara<br>Meghan M. Sciortino<br>Alexandria L. Bell |
| F. John Cushing<br>Michael Cushing<br>**Law Offices of F. John Cushing III, PC**<br>29 S. LaSalle Street, Suite 240<br>Chicago, IL  60603<br>Telephone:  (312) 726-2323 | **JOHNSON & BELL, LTD**.<br>33 W. Monroe Street, Suite 2700<br>Chicago, Illinois 60603<br>Tel: 312-372-0770<br>Fax: 312-372-9818 |
| Richard J. Sullivan<br>(*admitted pro hac vice*)<br>**Sullivan & Sullivan LLP**<br>40 Washington Street<br>Wellesley, MA 02481<br>Telephone: 781-263-9400 | |

**EXHIBIT A**

**<u>Agreed Jury Instructions</u>**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Agreed Instruction No. 1
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.01

94

(If necessary)

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Instruction No. 2
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.02

In this case, the defendants are corporations.   All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give an individual person.

Agreed Instruction No. 3

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.03

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

A stipulation is an agreement between both sides that certain facts are true.

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

Agreed Instruction No. 4

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.04

(If necessary)

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Agreed Instruction No. 5

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.05

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed Instruction No. 6
____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.06

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on you independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed Instruction No. 7

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.07

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed Instruction No. 8
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.08

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed Instruction No. 9

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tend to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Instruction No. 10

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- The witness's memory;

- Any interest, bias, or prejudice the witness may have;

- The manner of the witness while testifying;

- And the reasonableness of the witness's testimony in light of all the evidence in the case.

Agreed Instruction No. 11

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.13

You consider statements given by a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Agreed Instruction No. 12

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.14

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Instruction No. 13
____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You may not accept the testimony of a larger number of witnesses.

Agreed Instruction No. 14

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.17

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Agreed Instruction No. 15

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.18

You had heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of other witnesses. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons for the opinion, the witness's qualifications, and all of the other evidence in the case.

Agreed Instruction No. 16

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.21

Certain demonstrative exhibits, such as videos, models, diagrams, devices, blow-ups, have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Agreed Instruction No. 17

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.24

When I say a particular party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Instruction No. 18

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.27

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

Agreed Instruction No. 19

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 21.01

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Agreed Instruction No. 20

\_\_\_\_ Given

\_\_\_\_ Given as Modified

\_\_\_\_ Refused

\_\_\_\_ Withdrawn

Illinois Pattern Jury Instruction 10.01

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Agreed Instruction No. 21

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 10.02

It was the duty of the defendants, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff. That means it was the duty of the defendants to be free from negligence.

Agreed Instruction No. 22

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 10.04

In a product liability case, the plaintiff has the burden of proving each of the following propositions as to any one of the conditions claimed by the plaintiff:

First, that the condition claimed by the plaintiff as stated to you in these instructions existed in the BTS20R-1 table saw

Second, that the condition made the BTS20R-1 table saw unreasonably dangerous;

Third, that the condition existed at the time the BTS20R-1 table saw left the control of the defendant;

Fourth, that the plaintiff was injured;

Fifth, that the condition of the BTS20R-1 table saw was a proximate cause of plaintiff's injuries.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for the defendant.

Agreed Instruction No. 23
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction B400.02

**PLAINTIFF'S JURY INSTRUCTIONS TO WHICH THE DEFENDANTS OBJECT**

The parties agree that [Plaintiff's summary of Mr. Stollings's medical records] accurately summarizes the contents of documents, records, or books. You should consider this summary just like all of the other evidence in the case.

A certain summary of Plaintiff's medical records is in evidence. The original materials used to prepare these summaries are also in evidence. It is up to you to decide if the summary is accurate.

Plaintiff's Proposed Instruction No. 1
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Seventh Circuit Pattern Jury Instruction 1.23

**Defendants' Objection**_:_ No foundation has been established for the plaintiff's medical records. Plaintiff has not produced the referenced summary.

**Plaintiff's Response:** To the extent foundation has not already been established, Plaintiff will establish the appropriate foundation at trial.

**Concurrent Negligence Other Than Defendants'**

More than one person may be to blame for causing an injury. If you decide that a defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff, it is not a defense that the plaintiff may also have been to blame.

If you decide that a defendant's negligence was even 1% the proximate cause of plaintiff's injury, then you must find for the plaintiff. Only if you find that the plaintiff was 100% the proximate cause of his injuries should you find for the defendant.

Plaintiff's Proposed Instruction No. ____

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

IPI 12.04 (modified). See 5/17/2012 transcript of hearing, <u>Stollings v. Ryobi</u>.

**Defendants' Objection**: This is an improper modification of the second sentence of IPI 12.04 which adequately describes the issue of sole proximate cause. See Defendant's Proposed Instruction No. 3. If allowed, the second sentence should read: "If you decide that the sole proximate cause of injury to the plaintiff was the conduct of the plaintiff, then your verdict should be for the defendants."

**Plaintiff's Response:** In light of the Court's statements at the 5/17/2012 conference, the modifications are appropriate.

**Duty to Refrain from Willful and Wanton Conduct - Defendant**

       It was the duty of the defendant, under Count VII of the Complaint, before and at the time of the occurrence, to refrain from willful and wanton conduct which would endanger the safety of the plaintiff.

Plaintiff's Proposed Instruction No. ____
____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Seventh Circuit Pattern Jury Instruction 14.04

**Defendants' Objection:** This instruction is improper as willful and wanton conduct is not at issue in this litigation.

**Plaintiff's Response:** This instruction is relevant if the Court grants Plaintiff's motion to amend regarding punitive damages.

The plaintiff claims that he was injured and sustained damage, and that the defendants were negligent on one or more of the following respects:

> Failing to adopt the SawStop technology or some equivalent flesh detection technology
> Failing to provide an independent rise and fall riving knife that could have protected against kickback
> Failing to provide a user friendly guard

The plaintiff further claims that one or more of the foregoing was a proximate cause of his injuries.

The defendant denies that it was negligent in doing any of the things claimed by plaintiff and denies that any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The defendant further claims that Plaintiff was the sole proximate cause of the plaintiff's injuries.

The plaintiff denies that he was the sole proximate cause in injury, and denies that any claimed act or omission on his part was the sole proximate cause of his claimed injuries.

The defendant further denies that the plaintiff was injured or sustained damages to the extent claimed.


Plaintiff's Proposed Instruction No. 2 (Modified)
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 20.01


**Defendants' Objection**: Inaccurately describes issues in this case related to the negligence theory, nor does it identify the target defendant and/or specific conduct that would apply to the specific defendant (i.e. Home Depot). More importantly, it fails to apprise the jury of the defendants' theory of the case that plaintiff's conduct was the sole proximate cause of his injuries. Evidence relating to the plaintiff's conduct is admissible to establish defendants' theory of defense that the product was not the proximate cause of the plaintiff's injuries. *Korando v.*

*Uniroyal Goodrich Tire Co.*, 159 Ill. 2d 335, 637 N.E. 2d 1020, 1025 (1994). Defendants propose alternate instruction No. 10.

**Plaintiff's Response**:  The description is accurate and correctly describes the conduct that would apply to the defendants.   The instruction also accurately reflects defendants' sole proximate cause defense.

### Burden of Proof

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

The plaintiff has the burden of proving each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one of the defendants, then your verdict shall be for that defendant.

On the other hand, if you find from your consideration of all of the evidence that all of these propositions have been proved as to any one of the defendants, then your verdict shall be for the plaintiff as to that defendant.


Plaintiff's Proposed Instruction No. 3
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction B21.02.01 (Modified)


**Defendants' Objection:** This instruction fails to apprise the jury of the defendants' theory of the case that plaintiff's own conduct was the sole proximate cause of his injuries. Evidence relating to the plaintiff's conduct is admissible to establish defendants' theory of defense that the product was not the proximate cause of the plaintiff's injuries. *Korando v. Uniroyal Goodrich Tire Co.*, 159 Ill. 2d 335, 637 N.E. 2d 1020, 1025 (1994). Defendants propose alternate instruction No.11

that accurately state the issues and elements of the negligence claim as well as outline defendants' position re: the sole proximate cause.

**Plaintiff's Response**:  The defendants' sole proximate cause defense does not alter the basic burdens of proof as accurately reflected in the model instruction and plaintiff's proposed instruction.

**<u>Burden of Proof on The Issues – Negligence – One Plaintiff and Two or More Defendants</u>**

The plaintiff has the burden of proving each of the following propositions as to each defendant: First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions, and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured.

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one of the defendants, then your verdict shall be for that defendant. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to any one of the defendants, then you must find for the plaintiff as to that defendant.


Plaintiff's Proposed Instruction No. 4
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction B21.02.01 (Modified)

**<u>Defendants' Objection[to plaintiff's previous vesion of this instruction]</u>:** This instruction constitutes an impermissible and biased modification of the pattern instruction, is unfairly prejudicial and does not state the substaitve law in Illinois. Defendants have no burden in this case to prove that the plaintiff was the sole proximate cause of his injuries. Plaintiff always bears the burden of proof as to the elements in his case, including proximate cause. The Illinois Supreme Court in *Leonardi* firmly and clearly stated:

> In any negligence action, the plaintiff bears the burden of proving not only duty and breach of duty, but also that defendant proximately caused plaintiff's injury. The element of proximate cause is an element of the *plaintiff's* case. The defendant is not required to plead lack of proximate cause as an affirmative defense. Obviously, if there is evidence that negates causation, a defendant should show it. However, in granting the defendant the privilege of going forward, also called the burden of production, **the law in no way shifts to the defendant the burden of**

**proof.** *Leonardi,* 168 Ill.2d at 93 (emphasis (italics) in original; (bold) added).

**<u>Plaintiff's Response</u>**:  Plaintiff does not have the burden of showing that he was not the sole proximate cause of his injuries and Defendants' misstate the law.  Plaintiff does not need to show that Defendants' were the sole cause of the injury -  Plaintiff's only burden is proving that defendant was **<u>a</u>** proximate cause.  Furthermore, Defendants conceded on the record in the 5/17/2012 hearing on the sole proximate cause issue that the jury must find that "plaintiff was 100 percent the cause of the injury" in order to prevail.  Plaintiff has modified this instruction from plaintiff's previous version, and has removed any mention of sole proximate cause.

**Issues Made By The Pleadings**

The plaintiff claims that he was injured and sustained damage, and that the defendants were negligent in one or more of the following respects:

- Failing to incorporate an independent riving knife on the BTS20R; or

- Failing to incorporate a user-friendly blade guard on the BTS20R; or

- Failing to incorporate SawStop or another flesh detection system on the BTS20R.

The defendants deny that they were negligent in failing to do any of the things claimed by plaintiff and denies that any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The defendants claim that the sole proximate cause of plaintiff's injuries was his own conduct.

Plaintiff denies that any claimed act or omission on his part was the sole proximate cause of his claimed injuries.

Plaintiff's Proposed Instruction No. _____

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Illinois Pattern Jury Instruction 20.01*

**Defendants' Objections**:   Inaccurately describes issues in this case related to the negligence theory, nor does it identify the target defendant and/or specific conduct that would apply to the specific defendant (i.e. Home Depot). More importantly, he plaintiff's proposed instruction does not adequately address the defendant's claims regarding plaintiff's conduct as the sole proximate cause of the incident. Evidence relating to the plaintiff's conduct is admissible to establish defendants' theory of defense that the product was not the proximate cause of the plaintiff's

injuries. *Korando v. Uniroyal Goodrich Tire Co.*, 159 Ill. 2d 335, 637 N.E. 2d 1020, 1025 (1994). See Defendant's proposed instruction No. 10.

**Plaintiff's Response:** The proposed instruction accurately describes Plaintiff's negligence theory as relates to all Defendants. The proposed instruction adequately describes Defendants' sole proximate cause defense, when considered in conjunction with Plaintiff's other proposed instructions.

**Issues Made By The Pleadings**

The plaintiff claims that he was injured and sustained damage, and that the defendants were negligent in one or more of the following respects:

- Failing to incorporate an independent riving knife on the BTS20R; or

- Failing to incorporate a user-friendly blade guard on the BTS20R; or

- Failing to incorporate SawStop or another flesh detection system on the BTS20R.

The defendants deny that they were negligent in failing to do any of the things claimed by plaintiff and denies that any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The defendants claim that the sole proximate cause of plaintiff's injuries was his own conduct.

Plaintiff denies that any claimed act or omission on his part was the sole proximate cause of his claimed injuries.

Further, the  plaintiff claims that he was injured and sustained damage and that the conduct of defendant Ryobi/One World was willful and wanton in one or more of the following respects:

- Ryobi/One World conspired with other manufacturers to slow down or keep from the market entirely, SawStop or flesh detection systems on table saws; or

- Ryobi/One World conspired with other manufacturers to slow down or keep from the market entirely, independent riving knives on table saws; or

- Ryobi/One World conspired with other manufacturers to slow down or keep from the market entirely, user friendly guards for table saws.

The plaintiff further claims that one or more of the foregoing was a proximate cause of his injuries.

Defendant Ryobi/One World denies that it did any of the things claimed by plaintiff, denies that he was willful and wanton in doing any of the things claimed by the plaintiff, denies that any claimed act or omission on Ryobi/One World's part was a proximate cause of the plaintiff's claimed injuries.

Plaintiff's Proposed Instruction No. _____

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Illinois Pattern Jury Instruction 20.01*

**Defendants' Objections**:   Inaccurately describes issues in this case related to the negligence theory, nor does it identify the target defendant and/or specific conduct that would apply to the specific defendant (i.e. Home Depot). More importantly, he plaintiff's proposed instruction does not adequately address the defendant's claims regarding plaintiff's conduct as the sole proximate cause of the incident. Evidence relating to the plaintiff's conduct is admissible to establish defendants' theory of defense that the product was not the proximate cause of the plaintiff's injuries. *Korando v. Uniroyal Goodrich Tire Co.*, 159 Ill. 2d 335, 637 N.E. 2d 1020, 1025 (1994). Finally, willful and wanton conduct is not at issue in this litigation.  See Defendant's proposed instruction No. 10.

**Plaintiff's Response:**  The proposed instruction accurately describes Plaintiff's negligence theory as relates to all Defendants.  The proposed instruction adequately describes Defendants' sole proximate cause defense, when considered in conjunction with Plaintiff's other proposed instructions.

The plaintiff claims that he was injured while using the BTS20R-1 table saw. Plaintiff claims that there existed in the BTS20R-1 at the time it left control of defendant a condition which made the BTS20R-1 unreasonably dangerous in one or more of the following respects:

Defendants failed to incorporate either the SawStop technology or some equivalent flesh detection technology
Defendants failed to provide an independent rise and fall riving knife
Defendants failed to provide a user friendly guard

The plaintiff further claims that one or more of the foregoing was a proximate cause of his injuries.

The defendants deny that any claimed condition of the BTS20R-1 table saw made the BTS20R-1 table saw unreasonably dangerous at the time it left control of the defendants and denies that any claimed condition of the BTS20R-1 table saw was a proximate cause of the plaintiff's injuries.

Plaintiff's Proposed Instruction No. 5
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 400.01

**Defendants' Objection:** It is an incomplete statement of the IPJI 400.01 as it fails to apprise the jury of the defendants' theory of the case that plaintiff's own conduct was the sole proximate cause of his injuries. Defendants propose alternate instruction No. 5, which follows IPJI 400.01 and addresses defendants' claim that plaintiff's own conduct was the sole proximate cause of his injuries and damages .

**Plaintiff's Response:** This is the model jury instruction when there are no affirmative defenses, and there are none here. Alternate instruction No. 5 relates to the affirmative defense of Assumption of the Risk, which defendants dropped from their amended answer. Defendants are

therefore not entitled to any instruction except the one above.

When I use the expression "unreasonably dangerous," I mean that the risk of danger inherent in the design outweighs the benefits of the design when the product is put to a use that is reasonably foreseeable considering the nature and function of the table saw.

Plaintiff's Proposed Instruction No. 6

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 400.06A

**Defendants' Objection:** Incomplete instruction. It does not address the statement of law that "unreasonably dangerous" product does not mean safest design possible. Moreover, it does not reflect elements and promulgations of law in *Mikolajczyk v. Ford Motor Co.,* 231 Ill.2d 516, 518 (2008). Defendants propose jury instructions Nos. 6,7,8, and 9.

**Plaintiff's Response**: Plaintiff's instruction is the model instruction. Changing the instruction in the way suggested by defendants would confuse the jury

Defendants have the duty to manufacture and sell a product that is not in an unreasonably dangerous condition. That duty cannot be delegated to another. It is not a defense for the defendants that another person, including plaintiff's employer, failed to make the product free from unreasonable dangerous conditions. When I use the phrase "cannot be delegated," I mean that the duty must be performed by defendants and cannot be left to some other person or entity.

Plaintiff's Proposed Instruction No. 7

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 400.07C

**Defendants' Objection:** This instruction is not relevant in this case. Plaintiff is pursuing a strict product liability claim, and defendants One World/Ryobi never claimed, and will not claim that they delegated their manufacturing/design responsibilities.

**Plaintiff's Response**: Given the representation above, plaintiff will drop this proposed jury instruction.

The manufacturer has a duty to adequately warn and instruct the user about the dangers of its product of which it know, or, in the exercise of ordinary care, should have known, at the time the product left the manufacturer's control.

Plaintiff's Proposed Instruction No. 8

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 400.07D

**Defendants' Objection:** This instruction is not relevant in this case. Under Illinois law, plaintiff cannot, as a matter of law, maintain a claim for inadequate warnings or instructions on the subject table saw because Mr. Stollings admitted in his deposition that he never read the warnings and instructions contained in the operators manual or on the saw itelself that accompanied the table saw at the time of purchase. *Kane v. R.D. Werner Company, Inc.*, 275 Ill.App.3d 1035 (1st Dist. 1995); *McConnell v. Arrow Uniform Rental, Inc.*, 1999 U.S. Dist. LEXIS 1769 at 25-26 (N.D. Ill. 1999); *See also* Defts' MIL #30.

**Plaintiff's Response**: The defendants' argument is a question for the jury. The adequacy of defendants' warnings, including their placement and content, are relevant to the calculation of whether defendants' warnings were adequate. The jury could find, for instance, that the defendants' warnings were so inadequate that a reasonable user would not notice or read them.

## Liability of a Non-Manufacturer

If you decide that the plaintiff has proved all the propositions of his case, then it is not a defense that the defendant, Home Depot, did not create the condition which rendered the table saw unreasonably dangerous and that the condition existed before the table saw came under the control of the defendant, Home Depot.

Plaintiff's Proposed Instruction No. ____

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Illinois Pattern Jury Instruction 400.09

**Defendants' Objection:** This instruction is not appropriate in a case, such as this, where the only issue is alleged defect in design of the product. There is no dispute that Home Depot did not design the subject product.

**Plaintiff's Response:** This instruction is intended precisely for cases like this, to prevent retailers from escaping liability for selling defectively designed products merely because they did not design the product they sold.

If you decide that the plaintiff has proved all the propositions of his case, then it is not a defense that the condition of the product could not have been discovered by the defendants or that care was used in the manufacture of the product.

Plaintiff's Proposed Instruction No. 9

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

Illinois Pattern Jury Instruction 400.10

**Defendants' Objection:** This instruction is confusing, misleading and improper in light of the fact that plaintiff is pursuing negligence claims against all defendants, as it does not identify that it relates only to the strict liability theory.

**Plaintiff's Response**:  This is the model jury instruction and is not confusing or misleading. Plaintiff has changed defendant to the plural (defendants) to address defendants' concerns.

In order for Plaintiff to recover for a breach of implied warranty of merchantability claim against Defendant, Plaintiff has the burden of proving each of the following propositions:

First, that the problem of which Plaintiff complains existed when it left Defendant's control. The Plaintiff may prove this by showing the problem was due to a defect or malfunction of the product;

Second, that the defect made the product unfit for the ordinary purpose such a product is used;

Third, that the Plaintiff notified Defendant or its authorized dealer of the defect within a reasonable amount of time after discovering it;

Fourth, that Defendant or its authorized dealer did not repair the product after being given a reasonable number of attempts or did not offer to refund, replace or take other remedial action within a reasonable amount of time.

Fifth, that Plaintiff sustained damages; and

Sixth, that Plaintiff's damages were proximately caused by the product being unfit for the ordinary purpose for which such products are used.

If you find from your consideration of all the evidence that each of these propositions has been proven, then your verdict should be for the Plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proven as to any Defendant, then your verdict should be for that Defendant.

Plaintiff's Proposed Instruction No. 10

\_\_\_\_ Given

\_\_\_\_ Given as Modified

\_\_\_\_ Refused

\_\_\_\_ Withdrawn

IPI 185.05 (modified); James J White & Robert S. Summers, Uniform Commercial Code 408 (3rd ed. 1988); Pressalite Corp. v. Matsushita Elec. Corp. of America 203 WL 1811530, at *4 (N.D.Ill. Apr. 4, 2003)

**Defendants' Objection:** This instruction does not accurately reflect all of the elements required to be proved by the plaintiff in the breach of warranty claim. Defendants propose alternate instructions Nos. 12, 13 and 14 that accurately list all of the elements of the claim.

**Plaintiff's Response:** IPI 185.05 is the appropriate charge for implied warranty claims. Plaintiff has modified his proposed instruction based on Defendant's objections.

An implied warranty of merchantability is a warranty which is implied in law and generally not reduced to writing. It is an implied promise that the product is fit for the ordinary purpose for which such products are used.

Plaintiff's Proposed Instruction No. 11
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 185.08

**Defendants' Objection:** Applies only to actions under the Moss-Magnuson Act. *See* IPI 185.00 introduction; 15 U.S.C. §2302.

**Plaintiff's Response:** IPI 185.08 is the appropriate charge for implied warranty.

If you decide for the plaintiff on the question of liability on any of plaintiff's claims including negligence, strict liability, or breach of implied warranty, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence, strict liability, or breach of implied warranty by the defendant, taking into consideration the nature, extent and duration of the injury and the aggravation of any pre-existing ailment or condition.

-   The disfigurement from the injury.

-   Loss of a normal life experienced (and reasonably certain to be experienced in the future).

-   [alternatively – The disability experienced (and reasonably certain to be experienced in the future).]

-   The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

-   The reasonable expense of necessary medical care, treatment, and services received and the present case value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

-   [the value of (time) (earnings) (profits) (salaries) (benefits) lost] [.] [and] [(T)he present case value of (time) (earnings) (profits) (salaries) (benefits) reasonably certain to be lost in the future].

Whether any of these elements of damages has been proved by the evidence is for you to determine

Plaintiff's Proposed Instruction No. 12

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 30.01; 30.02; 30.04; 30.04.01; 30.04.05; 30.05; 30.07 modified

**Defendants' Objection:** Constitutes impermissible and prejudicial modification of the pattern jury instructions. It contains provisions for damages not relevant in this case and/or subject to expert testimony. There has been no evidence (no expert testimony in particular) throughout discovery suggesting that the plaintiff may recover any future damages of any type. The plaintiff is not expected to undergo any future medical care.

**Plaintiff's Response:**  Plaintiff will experience future pain and suffering as a result of his injuries and will testify to this fact at trial.  This charge is therefore appropriate.

If you find that the plaintiff is entitled to damages arising in the future because of his injuries or because of future medical expenses or because of loss of earnings you must determine the amount of these damage which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long the plaintiff is likely to live.

With respect to a loss of future earnings, you may consider that some persons work all their lives and others do not; that a person's earnings may remain the same or may increase of decrease in the future.

Plaintiff's Proposed Instruction No. 13

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 34.01

**Defendants' Objection:** There has been no evidence (no expert testimony in particular) throughout discovery suggesting that the plaintiff may recover any future damages of any type. The plaintiff is not expected to undergo any future medical care. This jury instruction is not applicable in this case.

**Plaintiff's Response:** Plaintiff will experience future pain and suffering as a result of his injuries and will testify to this fact at trial. This charge is therefore appropriate.

In computing the damages arising in the future because of future medical expenses or because of the loss of future earnings, you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expect to earn in the future, will equal the amount of the expenses and earning at the time in the future when the expenses must be paid or the earnings would have need received.

Damages for pain and suffering, disability, loss of a normal life and disfigurement are not reduced to present cash value.

Plaintiff's Proposed Instruction No. 14

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 34.02

**Defendants' Objection:** There has been no evidence (no expert testimony in particular) throughout discovery suggesting that the plaintiff may recover any future damages of any type. The plaintiff is not expected to undergo any future medical care. This jury instruction is not applicable in this case.

**Plaintiff's Response**: Expert testimony is not required to make a claim for future damages and the evidence both at Mr. Stollings' deposition and in his medical records is that he will continue to suffer the effects of his injuries for the rest of his life, including in pain and suffering and in financial terms.

According to a table of mortality in evidence, the life expectancy of a person aged _____ years is _____ years. This figure is not conclusive. It is the average life expectancy of person who have reached the age of ___. It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

Plaintiff's Proposed Instruction No. 15

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 34.04

**Defendants' Objection:** There has been no evidence (no expert testimony in particular) throughout discovery suggesting that the plaintiff may recover any future damages of any type. The plaintiff is not expected to undergo any future medical care. This jury instruction is not applicable in this case.

**Plaintiff's Response**: Expert testimony is not required to make a claim for future damages and the evidence both at Mr. Stollings' deposition and in his medical records is that he will continue to suffer the effects of his injuries for the rest of his life, including in pain and suffering and in financial terms.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. In terms of the defendants' liability, it need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.
In terms of plaintiff's liability, he must be the sole or only cause of his injury.

Plaintiff's Proposed Instruction No. 16

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 15.01

**Defendants' Objection:** The second sentence of this jury instruction is not applicable in this case as defendants are proceeding on a theory that plaintiff's own conduct/failure to act was the sole proximate cause of his injuries and damages. This instruction implies that even if the jury finds that both plaintiff's conduct and the subject product caused plaintiff's injury, the jury should still find that plaintiff proved the element of proximate cause as part of his claims. However, defendants abandoned comparative fault defense and claim that plaintiff was the sole proximate cause of his injuries/damages, thus, making second sentence inapplicable.

**PLAINTIFF'S RESPONSE:** Defendant's are incorrect. If the jury finds that both the subject saw and the Plaintiff are the proximate cause of the injury, the jury should still find the plaintiff proved the element of proximate cause as part of his claims. Under defendants' theory of sole proximate cause, only if the jury finds the plaintiff was 100% the cause of his own injury should the jury find for the defendants. See Transcript of 5/17/2012 hearing. The second sentence of this instruction is applicable and has been modified to indicate the difference between defendants' and plaintiff's liability. .

**Punitive/Exemplary Damages – Willful and Wanton Conduct**

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that Ryobi/One World's conduct was willful and wanton and proximately caused injury to the plaintiff and if you believe that justice and the public good require it, you may award an amount of money which will punish Ryobi/One World and discourage it and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages.

(1) How reprehensible was Ryobi/One World's conduct?

On this subject you should consider the following:

a) The facts and circumstances of defendants' conduct;
b) The financial vulnerability of the plaintiff;
c) The duration of the misconduct;
d) The frequency of defendant's misconduct;
e) Whether the harm was physical as opposed to economic;
f) Whether defendant tried to conceal the misconduct;

(2) What actual and potential harm did defendant's conduct cause to the plaintiff in this case?

(3) What amount of money is necessary to punish defendant and discourage defendant and others from future wrongful conduct?

(4) The amount of punitive damages must be reasonable.

Plaintiff's Proposed Instruction No. _____
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 35.01

**Defendants' Objection:** This instruction is improper as willful and wanton conduct has not been pled and punitive damages are not at issue in this litigation.

147

**Plaintiff's Response:**  This instruction will be appropriate if the Court grants Plaintiff's motion to amend to add punitive damages.

**Punitive/Exemplary Damages – Willful and Wanton Conduct –
Corporate Defendant's Liability**

Ryobi/OneWorld is a corporation and can act only through its officers and employees. As to plaintiff's claim for compensatory damages against Ryobi/One World any act or omission of an officer or employee within the scope of his employment is the act or omission of the defendant corporation.

As to plaintiff's claim for punitive damages against Ryobi/One World, a different rule applies. Punitive damages may be awarded against Ryobi/One World only (1) if you find in favor of plaintiff and against Ryobi/One World under the Count [Punitive/Willful and Wanton Section] of the complaint and (2) if you find that as to the acts or omissions giving rise to liability under Count [Punitive/Willful and Wanton Section] of the complaint the corporation through its management ratified or approved the acts or omissions.

Plaintiff's Proposed Instruction No. _____
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 35.02

**Defendants' Objection:** This instruction is improper as willful and wanton conduct has not been pled and punitive damages are not at issue in this litigation.

**Plaintiff's Response:** This instruction will be appropriate if the Court grants Plaintiff's motion to amend to add punitive damages.

**In Absence of Liability – No Occasion to Consider Damages**

If you decide for one of the defendants on the question of liability, you will have no occasion to consider the question of damages as to that defendant.

Plaintiff's Proposed Instruction No. _____
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Illinois Pattern Jury Instruction 36.01

**Defendants' Objection:** No objection.

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

You must give separate consideration to each claim and each party in this case. Although there are two defendants, One World/Ryobi Technologies and Home Depot, it does not follow that if one is liable the other is also liable.

In considering a claim against one defendant, you must not consider evidence which is admitted only against the other defendant.

Defendants' Proposed Instruction No. 1
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Seventh Circuit Pattern Jury Instruction 1.25*

**Plaintiff's Objection**:  Plaintiff objects on the grounds that this misstates (and misidentified) Pattern Jury Instruction 1.25, and refers to "a particular defendant" rather than "one defendant."

**Defendant's Response:**  Defendant has corrected the typographical error.

       If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Defendants' Proposed Instruction No. 2

\_\_\_\_ Given

\_\_\_\_ Given as Modified

\_\_\_\_ Refused

\_\_\_\_ Withdrawn

*Seventh Circuit Pattern Jury Instruction 1.31*

**Plaintiff's Objection**:  The way it is worded by defendants is misleading to the jury.  If the jury finds liability for even one of the defendants, the jury should still consider the question of damages.

**Defendant's Response:**  This is taken verbatim from *Seventh Circuit Pattern Jury Instruction 1.31* and is not confusing or misleading.

If you decide that the sole proximate cause of Mr. Stollings' injuries and damages was his own conduct and not any of the defendants or the subject table law, then your verdict should be for the defendants.

Defendants' Proposed Instruction No. 3

\_\_\_\_ Given

\_\_\_\_ Given as Modified

\_\_\_\_ Refused

\_\_\_\_ Withdrawn

*IPI 12.04 (modified); See Leonardi v. Loyola University of Chicago,* 168 Ill. 2d 83, 658 N.E.2d 450 (1995); *Hernandez v. Paschen Contractors, Inc.,* 355 Ill. App. 3d 936 (1st Dist. 2002); *Snyder v. Curran Township,* 281 Ill. App. 3d 56 (4th Dist. 1996); *Herzog v. Lexington Township,* 167 Ill. 2d 288 (1995)

**Plaintiff's Objection**:  This instruction is misleading and leaves out a very important part of IPI 12.04 pertaining to concurrent causes.  Furthermore, the case law cited by Defendants does  not support this version of 12.04.

**Defendants' Response:**  This instruction is not misleading or confusing.  Concurrent negligence of a third-party is not an issue in this litigation.  The case law cited by defendants supports this instruction in a case, such as this, where there only issue is whether the plaintiff's conduct is the sole proximate cause of the occurrence.

When I use expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced plaintiff's injury.

Defendants' Proposed Instruction No. 4

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

*Illinois Pattern Jury Instruction 15.01 (modified)*

**Plaintiff's Objection**:  The omission of the second part of the instruction makes this instruction misleading to the jury.  See Plaintiff's proposed jury instruction based upon 15.01.

**<u>Defendants' Response:</u>**  This instruction is not misleading or confusing.  .  The use of long form 15.01 is improper in a cause, such as this, where concurrent negligence of a third-party is not an issue.

The plaintiff claims that he was injured while using the BTS20R-1 portable benchtop table saw and at the time when the subject saw left a defendant's control, there existed in the subject saw a condition which made it unreasonably dangerous in each of the following respects:

The BTS20R-1 benchtop table saw was designed, manufactured and/or sold without incorporating the SawStop technology or some equivalent flesh detection technology;

The BTS20R-1 benchtop table saw was designed, manufactured and/or sold without an independent rise and fall riving knife; and

The BTS20R-1 bechntop tables saw designed, manufactured and/or sold without a user friendly guard.

The plaintiff further claims that each of the foregoing conditions were a proximate cause of his injuries.

The defendants deny that any claimed condition of the BTS20R-1table saw made it unreasonably dangerous at the time it left any of the defendants' control and denies that any claimed condition of the BTS20R-1 table saw was a proximate cause of the plaintiff's injuries.

The defendants claim that the sole proximate cause of plaintiff's injuries was his own conduct in failing to use the blade guard, failing to follow the instructions and warnings which accompanied the product and failing to exercise reasonable care while operating the subject BTS 20R.

The defendants further deny that the plaintiff was injured or sustained damages to the extent claimed.

Plaintiff denies that his conduct was the sole proximate cause of his injuries.]

Defendants' Proposed Instruction No. 5
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

156

*IPI 400.01*

**Plaintiff's Objection:**  Defendants' modified jury instruction inaccurately states Plaintiff's theory of liability.  Plaintiff claims that **each** failure on the part of defendants – their failure to incorporate flesh detection, their failure to incorporate a rise-and-fall riving knife, and their failure to incorporate a user friendly blade guard --- constitutes separate and independent negligence on the part of defendants.  Plaintiffs have no duty to prove, as defendants suggest, that defendants are only negligent if the jury finds they should have for instance, incorporated both flesh detection and an independent riving knife and there is no support for such an instruction.  Defendants improperly insert a claim concerning the extent of plaintiff's injuries and also omit the part of the instruction where plaintiff denies he was the sole proximate cause of his injuries. See Plaintiff's proposed jury instruction 400.01.

**Defendant's Response:**  Defendants have modified this instruction to address plaintiff's concerns.

When I use the expression "unreasonably dangerous" in these instructions, I do not mean whether the product could have been made safer, but whether the risk of danger inherent in the design outweighs the benefits of the design when the product is put to use that is reasonably foreseeable considering the nature and intended function of the BTS20R-1 table saw.

Defendants' Proposed Instruction No. 6

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*IPI 400.06 (modified)*; *Mikalajczyk v. Ford Motor Co*., 231 Ill. 2d 516, 558 (2008)

**Plaintiff's Objection:**  Defendants have improperly modified the Pattern Jury Instruction.  The instruction as given moreover misstates the holding of the cited case, which was that IPI 400.06 was an appropriate jury instruction under the facts of the case.

**<u>Defendants' Response:</u>** This instruction accurately reflects the law and is appropriate to give in this case as demonstrated by the case law cited by defendants above.

The duty to manufacture a "reasonably" safe product does not require the safest design possible, nor one incapable of causing injury.

Defendants' Proposed Instruction No. 7

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Baltus v. Weaver Division of Kidde and Co., Inc.,* citing *Kerns v. Engelke,* 76 Ill. 2d 154 (1979) and *Hunt v. Blasius,* 74 Ill. 2d 203, 212 (1979)

**Plaintiff's Objection:** This proposed instruction is without basis in any Illinois Pattern Jury Instruction and is likely to confuse the jury as to the meaning of "unreasonably dangerous" under

Illinois law, which is sufficiently explained by IPI 400.06.

**<u>Defendants' Response:</u>**   This instruction accurately reflects the law and is appropriate to give in this case as demonstrated by the case law cited by defendants above.

There is no duty upon the manufacturer of the BTS20R-1 benchtop table saw to manufacture the product with a different design, if the different design is not feasible. Feasibility includes not only elements of economy, effectiveness and practicality, but also technological possibilities under the state of the manufacturing art at the time the product was produced.

Defendants' Proposed Instruction No. 8

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Kerns v. Engelke,* 76 Ill. 2d 154, 164 (1979); *Mikalajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 558 (2008)

**Plaintiff's Objection:** This proposed instruction is without basis in any Illinois Pattern Jury Instruction and is likely to confuse the jury as to the meaning of "unreasonably dangerous" under Illinois law, which is sufficiently explained by IPI 400.06. Defendants proposed instruction is also likely to confuse the jury into believing that Plaintiff has the affirmative burden of establishing the existence of a feasible alternative design, contrary to clear Illinois law that no such burden exists.

**<u>Defendants' Response:</u>** This instruction accurately reflects the law and is appropriate to give in this case as demonstrated by the case law cited by defendants above.

In determining whether the design of the BTS20R-1 benchtop table saw was unreasonably dangerous, you may consider compliance or non-compliance with applicable industry standards; however, such compliance is not conclusive of the issue. Whether or not the BTS20R-1 table saw was unreasonably dangerous is for you to decide.

Defendants' Proposed Instruction No. 9

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

*Rucker v. Norfolk & Western Railway Co.,* 77 Ill. 2d 434 (1979); *Moehle v. Chrysler Motors Corp.,* 93 Ill. 2d 299 (1982); *Ross v. Black & Dacker, Inc.,* 977 F. 2d 1178, 1183-84 (7th Cir. 1992); *Schwartz v. The American Motor Co., Inc.,* 710 F. 2d 378, 383 (7th Cir. 1983)

**Plaintiff's Objection:** This proposed instruction is without basis in any Illinois Pattern Jury Instruction and is likely to confuse the jury as to the meaning of "unreasonably dangerous" under Illinois law, which is sufficiently explained by IPI 400.06.

**Defendants' Response:** This instruction accurately reflects the law and is appropriate to give in this case as demonstrated by the case law cited by defendants above.

The plaintiff claims that he was injured and sustained damage, and that the defendants were negligent in each of the following respects:

Designed, manufactured and/or sold the BTS20R-1 benchtop table saw without incorporating the SawStop technology or some equivalent flesh detection technology;

Designed, manufactured and/or sold the BTS20R-1 table saw without an independent rise and fall riving knife; and

Designed, manufactured and/or sold the BTS20R-1 table saw without a user friendly guard.

The plaintiff further claims that each of the foregoing was a proximate cause of his injuries.

The defendants deny that they were negligent in doing any of the things claimed by plaintiff and deny that any claimed act or omission on the part of any of the defendants was a proximate cause of plaintiff's claimed injuries.

The defendants claim that the sole proximate cause of plaintiff's injuries was his own conduct in failing to use the blade guard, failing to follow the instructions and warnings which accompanied the product and failing to exercise reasonable care while operating the subject BTS 20R.

The defendants further deny that the plaintiff was injured or sustained damages to the extent claimed.

The plaintiff denies that his conduct was the sole proximate cause of his injuries.

Defendants' Proposed Instruction No. 10
_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Illinois Pattern Jury Instruction 20.01*

**Plaintiff's Objection:** Defendants' modified jury instruction inaccurately states Plaintiff's theory of liability. Plaintiff claims that **each** failure on the part of defendants – their failure to incorporate flesh detection, their failure to incorporate a rise-and-fall riving knife, and their failure to incorporate a user friendly blade guard --- constitutes separate and independent negligence on the part of defendants. Plaintiffs have no duty to prove, as defendants suggest,

that defendants are only negligent if the jury finds they should have for instance, incorporated <u>both</u> flesh detection <u>and</u> an independent riving knife and there is no support for such an instruction. Defendants improperly insert a claim concerning the extent of plaintiff's injuries and also omit the part of the instruction where plaintiff denies he was the sole proximate cause of his injuries. See Plaintiff's proposed jury instruction 20.01.

**Defendants' Response:** The defendant has modified this instruction to address plaintiff's concerns.

Under the negligence claim, the plaintiff has the burden of proving each of the following propositions as to any one of the conditions claimed by the plaintiff and as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured; and

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that each of these propositions has been proved as to one or more of the defendants, then your verdict should be for the plaintiff and against that defendant.

On the other hand, if you find, from your consideration of the evidence, that any of these propositions has not been proved as to any one defendant, then your verdict should be for that defendant.

Defendants' Proposed Instruction No. 11

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

*IPI 21.02*

**Plaintiff's Objection:**   The last sentence of the proposed instruction may confuse the jury as to how to rule if it believes the listed propositions have been proved as to some but not all of the defendants, and may cause the jury to believe it must find for all defendants in that instance. Should be changed to "On the other hand, if you find, from your consideration of the evidence, that any of these propositions has not been proved as to any one defendant, then your verdict should be for that defendant."

**<u>Defendants' Response:</u>**    The defendant has modified this instruction to address plaintiff's concerns.

The plaintiff further claims that the BTS20R-1 benchtop table saw was not merchantable at the time it left the control of the defendants in each of the following respects:

It was not equipped with the SawStop technology or some equivalent flesh detection technology;

It was not equipped with an independent rise and fall riving knife; and

It was not equipped with a user friendly guard.

The plaintiff further claims that each of the foregoing was a proximate cause of his injuries.

The defendants deny that any claimed condition of the BTS20R-1 benchtop table saw made the saw not merchantable and the defendants deny that any claimed condition of the BTS20R-1 benchtop table saw was a proximate cause of the plaintiff's injuries.

The defendants claim that the sole proximate cause of plaintiff's injury was his own conduct in failing to use the blade guard, failing to follow the instructions and warnings which accompanied the product and failing to exercise reasonable care while operating the subject BTS 20R.

The defendants further deny that the plaintiff was injured or sustained damages to the extent claimed.

The plaintiff denies that his conduct was the sole proximate cause of his injuries.

Defendants' Proposed Instruction No. 12

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*IPI 400.01*

169

**Plaintiff's Objection:**  Defendants' modified jury instruction inaccurately states Plaintiff's theory of liability.  Plaintiff claims that **each** failure on the part of defendants – their failure to incorporate flesh detection, their failure to incorporate a rise-and-fall riving knife, and their failure to incorporate a user friendly blade guard --- constitutes separate and independent negligence on the part of defendants.  Plaintiffs have no duty to prove, as defendants suggest, that defendants are only negligent if the jury finds they should have for instance, incorporated both flesh detection and an independent riving knife and there is no support for such an instruction.  Defendants improperly insert a claim concerning the extent of plaintiff's injuries and also omit the part of the instruction where plaintiff denies he was the sole proximate cause of his injuries. See Plaintiff's proposed jury instruction 400.01.

**Defendant's Response:**  Defendants have modified this instruction to address plaintiff's concerns.

Under the breach of implied warranty count, the plaintiff has the burden of proving each of the following propositions as to either of the conditions claimed by the plaintiff:

First, that the defendant sold plaintiff the BTS20R-1 table saw;

Second, that a condition of the BTS20R-1 table saw made it not merchantable;

Third, that the condition existed at the time the BTS20R-1 table saw left the control of the defendant;

Fourth, that the plaintiff was injured;

Fifth, that the condition of the BTS20R-1 table saw was a proximate cause of Mr. Stollings' injuries; and

Six, that the sellers were notified of the defect.

If you find from your consideration of all the evidence that each of these propositions has been proved as to one or more of the defendants, then your verdict should be for the plaintiff and against that defendant.

On the other hand, if you find, from your consideration of all evidence, that any of these propositions has not been proved, then your verdict should be for the defendants.

Defendants' Proposed Instruction No. 13

____ Given

____ Given as Modified

____ Refused

____ Withdrawn

*810 ILCS 5/2-314, 2-318, 2-607(3)(a),(4), 2-714; Alvarez v. American Isuzu Motors*, 321 Ill. App. 3d 696, (1st Dist. 2001); *Cosman v. Ford Motor Co.*, 285 Ill. App. 3d 250 (1st Dist. 1996)

**Plaintiff's Objection:** Proposed instruction not based on IPI 185.05. The last two paragraphs of the proposed instruction may confuse the jury as to how to rule if it believes the listed propositions have been proved as to some but not all of the defendants, and may cause the jury to believe it must find for all defendants in that instance.

**<u>Defendant's Response:</u>**  This instruction accurately reflects the law, is not confusing or misleading and is warranted and appropriate in this case.

A product is "merchantable" when it is fit for the ordinary purposes for which it is used, in a safe condition, and substantially free of defects.

Defendants' Proposed Instruction No. 14

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Zwicky v. Freightliner Cutsom Chassis Corp.,* 373 Ill. App. 3d 135, 146 (2d Dist. 2007); *Oggi Trattoria and Caffe, Ltd. v. Isuzu Motors America, Inc.,* 372 Ill. App. 23 354, 361 (1st Dist. 2007); *Wheeler v. Sunbelt Co., Inc.,* 181 Ill. App. 3d 1088, 1103 (4th Dist. 1989)

**Plaintiff's Objection:**  Proposed instruction not based on IPI 185.08.

**Defendant's Response:**  This instruction accurately reflects the law, is not confusing or misleading and is warranted and appropriate in this case.

Any money awarded to plaintiff in this case will not be subject to taxation.

Defendants' Proposed Instruction No. 15

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Norfolk & Western Railway Co. v. Liepelt,* 444 U.S. 490 (1980); *Wilson v. Garcia*, 105 S.Ct. 1938 (1985), *In re Air Crash Disaster Near Chicago*, 701 F.2d 1189 (7th Cir. 1983), *Couch v. Vill. of Dixmoor,* No. 05 C 963, 2006 U.S. Dist. LEXIS 85663 (N.D. Ill. Nov. 27, 2006).

**Plaintiff's Objection:** Proposed instruction not based on FELA 160.25. Fails to include 160.25's explicit instruction not to consider this issue in determining the amount of damages.

174

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A Verdict Form has been prepared for you.

[A Verdict Form read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Defendants' Proposed Instruction No. 16

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Seventh Circuit Pattern Jury Instruction No. 1.32*

**Plaintiff does not object**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Defendants' Proposed Instruction No. 17

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Seventh Circuit Pattern Jury Instruction No. 1.33*

**Plaintiff does not object**

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Defendants' Proposed Instruction No. 18

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

*Seventh Circuit Pattern Jury Instruction No. 1.34*

**Plaintiff does not object**

## EXHIBIT B

### PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1.      Are you currently employed?  Have you or any member of your immediate family been laid-off from your job in the past eighteen (18) months?

2.      Have you or any member of your immediate family done any work with power tools—either in your work or as part of any hobby?  If yes, please describe the kind of power tools you have used and how long you have used them.

3.      Have you or any member of your immediate family used any power tools manufactured by Defendants—that is, any Ryobi brand, Ridgid or Ryobi tools?  If you used any such power tools, which kind of tools have you used?

4.      Have you or any member of your immediate family ever bought power tools from Home Depot?  If so, what kind and when?

5.      If you or any member of your immediate family brought any product from Home Depot, then do you have a favorable or unfavorable opinion about Home Depot?

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

1. Do you read safety operating procedures before using a product that can cause injury if NOT USED according to SAFETY INSTRUCTIONS?

2. Do you believe that consumers should have the freedom of choice as to cost of products available to purchase. For example: Can only purchase Mercedes and not Hyundai, Kia?

3. Do you believe that if someone is injured while using a product, that the product must be defective?

4. If Plaintiff proves he was injured, but does not prove that the Ryobi table saw was defective/unreasonably dangerous, will you be able to return a verdict for Ryobi and send Plaintiff home with NO MONEY DAMAGES?

5. Have you or any member of your family or close friends sustained an injury while using a power tool? If so, please describe the tool and the circumstances of the injury.

6. Have you or any member of your family or close friends owned or used a table saw (or a power saw of any type?) If so, please describe the saw, the manufacturer's name, and the purposes for which the saw was used.

7. Have you or any member of your family or close friends engaged in woodworking as a hobby? If so, please describe the types of power tools you used and the things you have built or repaired.

8. Have you or any member of your family or close friends taken any classes or received any training in the use of power tools? If so, describe.

9. Have you heard of SawStop LLC, a company which designs and sells table saws? If so, what do you know about them?

10. Have you heard of Steven Gass, the owner of SawStop LLC? If so, what have you heard about him?

11. What are you feelings about monopolies in the marketplace? Are they good for the consumer or bad for the consumer?