UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON STOLLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 4006 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC., and HOME DEPOT U.S.A, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Brandon Stollings was injured while operating a table saw and sued Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot USA, Inc., which were involved in the saw's manufacture, distribution, and sale. The court denied Defendants' summary judgment motion, 2011 WL 211008 (N.D. Ill. Jan. 21, 2011), and the case was tried to a jury. Stollings dismissed his claims against Home Depot during trial, the jury returned a verdict in favor of Ryobi and One World (together, "Ryobi"), and the court entered judgment consistent with the verdict. Docs. 337-339, 349.

Ryobi seeks $54,671.53 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Doc. 355; Doc. 366 at 7. Stollings objects to the requested costs on several grounds, including that he is indigent. Doc. 362. Given Stollings's assertion of indigency, the court requested a memorandum from Stollings indicating whether he or his lawyers are responsible for paying any cost award. Doc. 373. Stollings submitted the memorandum and his retention agreement. Doc. 374. The retention agreement does not provide that Stollings's

counsel shall pay a cost award in the event costs are awarded against him, which means that the legal obligation to pay any cost award remains with Stollings. *Cf. Leahy v. Edmonds Sch. Dist.*, 2009 WL 529577, at *5 (W.D. Wash. Mar. 2, 2009) ("Defendants indicate that costs are justifiable in this case pursuant to both 28 U.S.C. § 1920 and 28 U.S.C. § 1927. The former is the more commonly used statute to justify the imposition of costs and is borne by the client, whereas the latter statute is reserved for situations where '[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously' will be personally responsible for costs.") (quoting 28 U.S.C. § 1927) (alterations in original), *citing In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) (noting that § 1927 "permits a court to transfer any award of fees from a client to the offending lawyer").

Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (internal quotation marks and citation omitted). Stollings concedes that Ryobi is the prevailing party, but raises several objections to its bill of costs. It is necessary to consider only one of Stollings's objections—that he is indigent and therefore should not be subjected to a cost award.

"Since 1983, [the Seventh Circuit] has held that it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigency:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id.* at 635-36 (citations and internal quotation marks omitted).

Stollings has satisfied the first step by showing via competent evidence—a declaration executed by Stollings himself, Doc. 362-1—that he "is incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted). The injury that led to this lawsuit, the severing of two of Stollings's fingers by the Ryobi saw, has left him unable to perform carpentry or other contracting work. Stollings has found work at a factory, where he earns eleven dollars per hour, which results in take-home pay of about $1,350 per month. His documented and modest monthly expenses of $1,540 exceed his take-home pay; he has no college education, no assets, no bank account or savings, no retirement

plan, and outstanding debts of $4,000; and his car was repossessed in February 2012. Stollings's injuries make it unlikely that his earning capacity will improve in the future. On this record, the court finds that Stollings is unable to pay the cost award now and will be unable to do so in the future. *See King v. Schieferdecker*, 2011 WL 5325645 (C.D. Ill. Nov. 4, 2011) (finding that the plaintiff was incapable of paying the cost award of approximately $1,150).

Stollings has satisfied the second *Rivera* step as well. The costs sought by Ryobi are enormous, over $54,000. Stollings pursued this case in good faith; he sustained a serious injury, and his defective design claim survived summary judgment. And although the evidence at trial amply supported the jury's verdict for Ryobi—among other considerations, Stollings never read the instructions that came with the saw, the technology that Stollings says Ryobi should have incorporated into the saw would have dramatically increased the saw's price, and the principal expert presented by Stollings's attorneys had a patently obvious economic incentive to testify that the saw was defectively designed (or so the jury could find)—a verdict for Stollings likely would have survived a defense motion under Rule 50 for judgment as a matter of law.

For these reasons, the court denies Ryobi's request for costs.

July 22, 2013

_____
United States District Judge