UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON STOLLINGS, | ) | |
| | ) | 08 C 4006 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Feinerman |
| | ) | |
| RYOBI TECHNOLOGIES, INC., and | ) | |
| ONE WORLD TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS

## FUNCTIONS OF THE COURT AND JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## NO INFERENCE FROM JUDGE'S QUESTION

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, the defendants are companies. All parties are equal before the law. A company is entitled to the same fair consideration that you would give an individual person.

For purposes of your deliberations and verdict, Defendant Ryobi Technologies, Inc., and Defendant One World Technologies, Inc., should be considered together as a single defendant.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by video deposition or by a re-enactment in court. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tend to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

**PRIOR INCONSISTENT STATEMENT OR ACTS**

You may consider statements given by a party or by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## LAWYER INTEVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of a larger number of witnesses.

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of other witnesses. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons for the opinion, the witness's qualifications, and all of the other evidence in the case.

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits, such as videos (a term further defined below), models, diagrams, devices, and blow-ups, have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

For purposes of this instruction, the term "videos" does not include:

- video deposition testimony;

- the video demonstration by Peter Domeny regarding how to properly make the cut;

- the video demonstration by Peter Domeny regarding kickback;

- the video demonstration by Peter Domeny regarding kickbacks occurring with a riving knife;

- the Stephen Gass SawStop demonstration video;

- the SawStop demonstration at Ryobi;

- the video demonstration of the rib test by Robert Holt;

- the video of testing of the Joint Venture prototype saw;

- the video demonstration of the hot-dog test by Robert Holt;

- the high-speed video of the hot-dog test by Robert Holt.

**SUMMARIES**

The parties agree that the summary of Mr. Stollings' medical records and medical bills accurately summarizes their content. You should consider the summary just like all of the other evidence in the case.

### BURDEN OF PROOF

When I say a particular party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**MULTIPLE CLAIMS**

You must give separate consideration to each claim. There are two claims in this case: negligence and strict product liability.

## ISSUES MADE BY THE PLEADINGS

The plaintiff alleges that he was injured and sustained damage while using a BTS20R-1 table saw, and that the defendant is liable for that injury for one or more of the following reasons:

- The defendant designed, manufactured and/or sold the BTS20R-1 table saw without incorporating the SawStop technology or some equivalent flesh detection technology; or

- The defendant designed, manufactured and/or sold the BTS20R-1 table saw without an independent rise and fall riving knife; or

- The defendant designed, manufactured and/or sold the BTS20R-1 table saw without an appropriate user friendly guard.

The plaintiff further alleges that one or more of the foregoing was a proximate cause of his injuries.

The defendant denies that the BTS20R-1 table saw was unreasonably dangerous and that it is liable for doing any of the things claimed by the plaintiff, and also denies that any claimed act or omission on the defendant's part was a proximate cause of plaintiff's claimed injuries.

The defendant further denies that the plaintiff was injured or sustained damages to the extent claimed.

## NEGLIGENCE CLAIM

Plaintiff's first claim is that the defendant was negligent. For this claim, the plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions, and that in so acting or failing to act the defendant was negligent:

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict on the negligence claim should be for the plaintiff. But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict on the negligence claim should be for the defendant.

## NEGLIGENCE CLAIM – DEFINITION OF "NEGLIGENCE"

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

**NEGLIGENCE CLAIM – DUTY TO USE ORDINARY CARE**

It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff. That means it was the duty of the defendant to be free from negligence.

## NEGLIGENCE CLAIM–ORDINARY CARE

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under the circumstances.  That is for you to decide.

## STRICT PRODUCT LIABILITY CLAIM

Plaintiff's second claim is that the defendant is subject to strict product liability. For this claim, the plaintiff has the burden of proving each of the following propositions as to any one of the conditions claimed by plaintiff:

First, that the condition claimed by the plaintiff as stated to you in these instructions existed in the BTS20R-1 table saw;

Second, that the condition made the BTS20R-1 table saw unreasonably dangerous;

Third, that the condition existed at the time the BTS20R-1 table saw left the control of the defendant;

Fourth, that the plaintiff was injured;

Fifth, that the condition of the BTS20R-1 table saw was a proximate cause of plaintiff's injuries.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for the defendant.

## STRICT PRODUCT LIABILITY CLAIM –
## DEFINITION OF "UNREASONABLY DANGEROUS"

When I use the expression "unreasonably dangerous," I mean that the risk of danger inherent in the design outweighs the benefits of the design when the product is put to a use that is reasonably foreseeable considering the nature and function of the product. When deciding whether the plaintiff's BTS20R-1 table saw is unreasonably dangerous, you may consider, but are not limited to, the following factors:

- The availability and feasibility of alternate designs at the time of the product's manufacture;

- Whether the design conformed to the design standards of the industry, design guidelines provided by an authoritative voluntary association, or design criteria set by legislation or governmental regulation;

- The usefulness and desirability of the product – its utility to the user;

- The safety aspects of the product – the likelihood that it would cause injury, and the probable seriousness of the injury;

- The availability of a substitute product which would meet the same need and not be as unsafe;

- The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility;

- The user's ability to avoid danger by the exercise of care in the use of the product;

- The user's anticipated awareness of the dangers inherent in the product and its availability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.

**STRICT PRODUCT LIABILITY CLAIM – DUE CARE NOT A DEFENSE**

If you decide that the plaintiff has proved all the propositions of his strict liability claim, then it is not a defense that the condition of the product could not have been discovered by the defendant or that care was used in the manufacture of the product.

This instruction does not apply to the negligence claim.

## BOTH CLAIMS – PROXIMATE CAUSE

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

This instruction applies to both the negligence claim and strict product liability claim.

**ABSENCE OF LIABILITY–NO OCCASION TO CONSIDER DAMAGES**

If you decide for the defendant on the question of liability for both claims, you will have no occasion to consider the question of damages.

**DAMAGES**

If you decide for the plaintiff on the question of liability on either the negligence claim or the strict product liability claim or both, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence and/or strict product liability, taking into consideration the nature, extent and duration of the injury:

- The disfigurement from the injury.

- Loss of a normal life experienced (and reasonably certain to be experienced in the future). When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

- The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

- The reasonable expense of necessary medical care, treatment, and services received to date.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

**DAMAGES ARISING IN THE FUTURE–**
**MORTALITY TABLES AS EVIDENCE OF DAMAGES**

According to a table of mortality in evidence, the life expectancy of a person aged 28 years is 77 years old. This figure is not conclusive. It is the average life expectancy of persons who have reached the age of 28. It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

## DAMAGES – TAXATION

Any money awarded to plaintiff in this case will not be subject to taxation.

## SELECTION OF A PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A Verdict Form has been prepared for you.

[A Verdict Form read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## COMMUNICATION WITH THE COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.